---

## SCHRŒDER v. THE C. R. I. & P. R. Co.

1. **Railroads:** INJURIES TO EMPLOYES. The provisions of section 1307 of the Code, rendering railway companies liable to their employes for injuries resulting from the negligence of their co-employes, apply only to accidents growing out of the use and operation of their roads.

2. **Practice:** RULINGS OF INFERIOR COURT: DEMURRER. The presumption will be entertained that the trial court, having overruled a demurrer, will not permit the introduction of evidence inconsistent with its decision upon the demurrer.

3. **Railroads:** ISSUE OF FACT. Whether or not the character of plaintiff's employment brings him within the provisions of Sec. 1307 is a question of fact for the jury.

*Appeal from Scott Circuit Court.*

TUESDAY, OCTOBER 19.

ACTION at law to recover for injuries sustained by plaintiff, an employe of defendant, from negligence of his co-employes. The petition alleges that plaintiff was employed by defendant, and engaged in the work of tearing down and removing an old bridge across the Mississippi river, at Davenport. He was under the control and direction of one Homes, defendant's bridge superintendent, by whom he was directed to go upon a certain train of cars loaded with timbers of the bridge which were being removed, for the purpose of assisting in unloading them. It is averred that the train was negligently loaded, of

which plaintiff had no notice; that through such negligence, and the carelessness of defendant's employes in loading the train, the timbers, while the cars were in motion upon which plaintiff was riding, were thrown off of the cars and plaintiff was thrown to the ground, the timbers falling upon him, whereby he sustained great injury. Among other defenses the defendant pleaded that, prior to the accident, "it owned a certain bridge across the Mississippi river at Davenport. That it ceased to use and was compelled to remove said bridge, and for that purpose employed a number of men, one of whom was the plaintiff. That during all of the time in which plaintiff was employed in said work his duties and the scope of his employment was simply to assist in removing the timbers from the bridge, load them upon cars, and then after they were taken on shore to assist in unloading them at a point within fifty feet of the bridge. That said bridge timbers were not taken or removed to any part of defendant's line of railroad, and were only removed to a part of defendant's premises very near to said bridge. That for convenience in removing, the timbers were loaded upon flat cars belonging to defendant, and said cars were then hauled a short distance westward from the bridge upon one track, and then backed down on a switch a short distance to a point near the bridge where they were unloaded. That it was no part of plaintiff's duty to accompany or ride on the said cars, and it was not necessary for him to do so in the performance of any duty for which he was employed, or in which he was engaged, and that in fact he could more quickly and conveniently walk over the short distance of forty or fifty feet intervening between the bridge and the place of unloading than he could ride between said points on the cars. Defendant states that one of said loads being about to go to the point of unloading, the plaintiff, voluntarily, and not in pursuance of any duty, went upon one of said loaded cars, and while it was being taken to the said point of unloading, some of the timbers fell from the said car and injured the plaintiff. That plaintiff was not employed or engaged in any business or work connected with operating defendant's railroad, that he was employed only for the especial purpose of

taking down, loading and unloading bridge timbers as aforesaid, and that any negligent acts, if any such there were, whereby plaintiff was injured, were the acts of plaintiff's co-employes engaged in the same general employment, and for which the defendant is not liable."

: To this defense plaintiff interposed a demurrer on the ground "that it is no defense to plaintiff's action that he was employed by the defendant, a railroad corporation, for a special purpose other than operating defendant's railroad, and injured by a fellow servant also employed by defendant and engaged in the same general business with plaintiff." This demurrer was sustained. Upon the other issues formed by the pleadings, the cause was tried by jury and a verdict was had for plaintiff, upon which a judgment was rendered. Defendant appeals.

*Cook, Richman & Bruning*, for appellant.

The purpose of the statute on which this action is founded, (Sec. 7, Chap. 169, Laws of 1862,) was to give its benefits to employes engaged in the hazardous business of operating railroads. Extended beyond this limit it is unconstitutional. (*Deppe v. The C. R. I. & P. R. Co.*, 36 Iowa, 52.) The reasonable belief of a party that he will not sustain an injury in doing acts which, but for such belief, would be negligent, does not exonerate him from the charge of negligence. (*Muldowney v. Ill. Cent. R'y Co.*, 36 Iowa, 402; *McAunich v. M. & M. R. Co.*, 20 Id., 338; *Hickey v. B. & L. R. Co.*, 14 Allen, 429.) The statute under which the action is brought requires of defendant only the exercise of ordinary care for the protection of its employes. (*Hunt v. C. & N. W. R. Co.*, 26 Iowa, 363.) Plaintiff could not neglect means for his improvement and recovery, and charge defendant with the increased injury thereby caused himself. (*Collins v. City of Council Bluffs*, 32 Iowa, 324.)

*W. A. Foster*, for appellee.

The opinion of an employe as to whether or not a car was negligently loaded is not competent, that question being one

of fact for the jury. (*Muldowney v. Ill. Cent. R'y Co.*, 36, Iowa, 462.) A new trial should not be granted for newly discovered evidence merely cumulative.

BECK, J.—I. Under the statutes of this state railroad corporations are liable to their employes for damage resulting from the negligent or willful acts of other employes. Code, § 1307. But this change of the rule of the common law extends no farther than to employes engaged in the business of operating railroads and not to all persons employed by the corporation without regard to their employment. The services of the persons claiming compensation under this provision must be connected with the use and operation of the railroads. Corporations owning and operating railways may engage in other business which may be within the scope of the objects of their organization, yet not at all, or very remotely, connected with the use of their roads. In such cases employes by whom such affairs are conducted acquire no rights under this statute. Their occupation does not expose them to the hazards incident to the use of railways. The statute was not designed for their protection and benefit. *Deppe v. C. R. I. & P. R. Co.*, 36 Iowa, 52; *McAunich v. M. & M. R. Co.*, 20 Iowa, 338. The count of the answer held bad on demurrer sets up that plaintiff's employment was in no way connected with the operating of defendant's road. The removal of an abandoned bridge certainly has ordinarily no connection with running railway trains or the use of a railroad. It may be conceded that under certain conditions it might have. But the count held bad directly avers and shows that in this case it had not. If the facts alleged had been established by evidence, plaintiff could not have recovered. The demurrer, therefore, was erroneously sustained.

II. It is insisted "that defendant had the benefit of this plea upon the trial under other issues raised in the pleading." The issues tendered by the plea are certainly not presented by other pleadings. It is difficult to see how the specific defense presented in the count

*Marginal notes:*
1. RAILROADS: injuries to employes.

2. PRACTICE: rulings of inferior court; demurrer.

could have been made after the court held, upon demurrer, that the facts alleged presented no defense to the action. We would be compelled to presume that the court, disregarding its rulings, permitted evidence to be introduced upon matters not in issue and held by the decision upon the demurrer to present no defense to plaintiff's claim for damages. We must presume that the court's rulings upon the trial were consistent with its decision upon the demurrer, and that the evidence upon which defendant expected to support the plea was not introduced.

III. It is true that upon the trial the question of law involved in the ruling upon the demurrer seems to have been **3. RAILROADS:** before the court. In the fourth instruction the **issue of fact.** court ruled that under the statute above cited defendant was liable in this case. If this ruling is correct, it was made upon the evidence before the court. We cannot presume, as we have just said, that any evidence was given to the court upon the count held bad. The plaintiff's position that defendant had the benefit of his plea cannot be presumed. But the instruction is erroneous in that, as a matter of law, it decides the nature of plaintiff's services and employment brought him within the statute. The character of his employment, whether it was in connection with the use of defendant's railroad, and whether thereby he was brought within the provision of the statute, were questions of fact to be determined by the jury and not questions of law for the decision of the court.

IV. The question appears to have arisen in the case whether plaintiff was engaged in the duties of his employment when he was injured, and certain instructions were given thereon. But it will be readily seen that this question is not the one raised by the plea held bad. The issue tendered therein is that plaintiff's employment was not connected with the use or operation of the railroad. The issue involved in the instructions was whether defendant's duty required him to ride upon the cars when he was injured. The distinction between these issues is obvious and it will be readily seen they are not the same.

Many other questions are presented which need not be considered, as the cause must be reversed for the errors above pointed out. Upon a re-trial of the case under the pleadings as they will be when settled to accord with this opinion, it is not probable the same questions will arise that are now urged upon our attention. It is not necessary, therefore, to discuss them at this time.

REVERSED.