Seaton & Spaan v. Hinneman.

## SEATON & SPAAN V. HINNEMAN.

1. **Promissory Note:** ACTION UPON: INSTRUCTION. In an action upon a promissory note, commenced before maturity, it is competent for the court to instruct the jury to find for defendant.

2. ————: ASSIGNMENT OF: BANKRUPTCY. The assignee of a note before maturity, with notice of bankruptcy proceedings commenced against the maker, cannot maintain an action thereon.

3. **Jurisdiction:** FEDERAL COURTS. The fact that bankruptcy proceedings have been commenced may be shown in a State court by a debtor, for the purpose of proving that the right of action upon an instrument sued on has vested in the assignee.

*Appeal from Lee Circuit Court.*

TUESDAY, APRIL 8.

ON the 1st day of April, 1876, the plaintiffs brought suit before a justice of the peace, as the indorsees of a negotiable promissory note for one hundred dollars, executed by defendant to one E. J. Bruce, dated February 1, 1876, due sixty days after date, with interest at ten per cent from maturity.

The defendant answered, alleging that the note was given for whisky, to be sold in violation of law, and that a suit in bankruptcy is pending against the indorser, E. J. Bruce, and the assignment of the note was made by him within the time prohibited by law, and is void. On the 8th day of April, 1876, the cause was tried, and judgment was rendered for the plaintiff. The defendant appealed to the Lee Circuit Court. In that court it was shown that an involuntary petition in bankruptcy was filed in the United States District

Court against E. J. Bruce, on the 15th day of March, 1876. On the 25th day of March, 1876, an answer to said petition was filed by Seaton & Spaan, the present plaintiffs, as attorneys for Bruce. On the 11th day of November, 1876, the effects of Bruce were assigned to W. C. Stripe, assignee in bankruptcy. On the 17th day of November, 1876, Bruce was adjudged a bankrupt, and on the same day the assignee was discharged. The assignment to plaintiffs was made in part payment of attorney's fees.

Under the instructions the jury found for the defendant. The plaintiffs appeal.

*Lee R. Seaton*, for appellants.

*Gillmore & Anderson*, for appellee.

DAY, J.—The court refused all the instructions, fifteen in number, asked by the plaintiffs, and instructed the jury as follows: "In this case it is shown that, the note in question being negotiable, the suit, under the law, was brought before the maturity of the note; and it being further shown, by uncontradicted evidence, that a petition in bankruptcy was filed against E. J. Bruce, the payee of the note in question, in the District Court of the United States, on the 15th day of March, 1876, and that said E. J. Bruce filed an answer to said petition, by his attorneys, Seaton & Spaan, the plaintiffs in this case, on the 25th day of March, 1876; and that said note was transferred by E. J. Bruce to plaintiffs, on the 1st or 2d day of April, 1876, and that said E. J. Bruce, under said proceedings, was adjudged a bankrupt; that the plaintiffs had notice of the filing of said petition before said 1st day of April. The court, in view of the foregoing facts being established by uncontradicted evidence, instructs the jury to find a verdict for the defendant."

However correct, as abstract propositions, the instructions asked may have been, there was no error in refusing them, if the instruction above quoted was properly given.

I.   The note in question is negotiable and entitled to three days of grace.   Code, § 2092.   It was executed February 1,

**1. PROMISSORY note: action upon: instruction.** 1876, and was payable sixty days after date. The last day of grace was April 4, 1876. The action was commenced April 1, 1876, before the note, according to its terms, matured, and hence could not be maintained when the action was brought.   *Whitney, Galloup, Bliss & Co. v. Bird,* 11 Iowa, 407.   The plaintiffs insist, however, that the non-maturity of the note was not pleaded, and that it was, therefore, improper to instruct respecting it.   The petition filed in the justice's court showed upon its face that the action was brought before the note matured.

Section 2650 of the Code provides:   "When any of the matters enumerated as grounds of demurrer do not appear on the face of the petition the objection may be taken by answer.   If no such objection is taken it shall be deemed waived.   If the facts stated by the petition do not entitle the plaintiff to any relief whatever, advantage may be taken of it by motion in arrest of judgment before judgment is entered." This is a case where the defect appears upon the face of the petition, and it is one, also, wherein the facts stated in the petition do not entitle the plaintiff to any relief.   That the petition should have been held bad upon demurrer, if one had been interposed, there can be no doubt.   Not only did the petition show upon its face that the plaintiffs were not entitled to maintain an action when the suit was commenced, but the proof introduced by the plaintiffs showed the same fact.   It was competent, therefore, for the court to instruct the jury that, under the evidence submitted, the plaintiffs could not recover.

II.   The abstract does not purport to contain all the evidence.   It does not show when the indorsement to plaintiffs

**2. ——: assignment of: bankruptcy.** was made.   In the absence of any showing to the contrary we must presume that the proof showed that the indorsement was made not earlier than April 1, 1876, as the court instructed, and hence after plaintiffs had knowl-

Seaton & Spaan v. Hinneman.

edge of the commencement of proceedings in bankruptcy against their indorser Bruce. The petition in bankruptcy was filed March 15, 1876. The conveyance of the bankrupt's effects to the assignee was executed November 11, 1878. This conveyance related back to the time of the filing of the petition in bankruptcy, and from that date vested in the assignee all the property, both real and personal, of the bankrupt. Revised Statutes of the United States, §§ 5029 and 5044. The plaintiffs had actual knowledge of the commencement of bankruptcy proceedings at the time of their purchase of the note, and they cannot be regarded as innocent purchasers. As against them the conveyance to the assignee passed the title in the note in question to the assignee. The plaintiffs have no title therein and can maintain no action thereon.

III. It is claimed by appellants that the United States Courts have exclusive jurisdiction of all questions arising 3. JURISDIC- under the bankruptcy law, and that the matters TION: federal court. here insisted upon cannot be presented in a State court. We think, however, that the fact that bankruptcy proceedings have been instituted may be presented in a State court, by a debtor, for the purpose of showing that the plaintiff is not entitled to maintain an action, and that the right of action has become vested in the assignee in bankruptcy.

The judgment is

AFFIRMED.