## SMITH v. B., C. R. & N. R. Co.

1. **Railroads:** INJURY BY CO-EMPLOYE: RULE STATED. To entitle an employe of a railroad company to recover for personal injuries inflicted through the negligence of a co-employe, it must be shown that his employment was connected with the operation of the railway. Code, § 1307.

2. ———: ———: RULE APPLIED. Where plaintiff's petition failed to aver, and the evidence failed to show, that he was anything more than a section hand, and that, when injured, he was engaged in loading a car, *held* that this service did not pertain to the operation of the road, and that he could not recover for injury caused by the negligence of his co-employe.

3. **Practice:** INSUFFICIENT PETITION: ADVANTAGE TAKEN OF, HOW. If the facts stated in the petition do not entitle plaintiff to relief, and defendant fails to demur, advantage may be taken of the defect by motion in arrest of judgment, or the court may, at the trial, as in this case, direct the jury to find for the defendant.

*Appeal from Fayette District Court.*

THURSDAY, JUNE 15.

ACTION to recover for personal injuries sustained by plaintiff while in the employment of defendant, resulting from the negligence of a co-employe. The court instructed the jury to return a verdict for defendant upon the evidence submitted in the case, which was done, and a judgment was rendered accordingly, from which plaintiff appeals.

*Ainsworth & Hobson* and *L. M. Whitney,* for appellant.

*J. & S. K. Tracy,* for appellee.

BECK, J.—I. The petition alleges substantially that plaintiff was employed as a section hand by defendant to work upon its railroad, and while engaged in loading car timbers at a switch of the railroad, was, without his fault, injured through negligence of a co-employe. These facts alleged in the petition are established without contradiction by the evidence of plaintiff. There is no testimony whatever tending to show the character of plaintiff's employment and the services which he was required to perform, further than that he was a section hand, and at the time of the accident, engaged in loading car timbers. It is not shown that his employment or the special service in which he was engaged at the time, required him to go upon the cars, ride upon them, or in any way assist in the operation of the trains upon the road.

The court instructed the jury that upon the allegations of the petition, the admissions of the answer and the undisputed facts proved at the trial, the plaintiff was not entitled to recover, and directed a verdict for defendant. The questions raised by the assignment of errors all pertain to the rule of the law as recognized in this instruction. It therefore demands our attention.

II. To entitle an employe of a railroad company to recover for personal injuries inflicted through the negligence of a co-employe, it must be shown that his employment was connected with the operation of the railway. Code, § 1307; *Schroeder v. The C., R. I. & P. R. Co.*, 41 Iowa, 344; Same Case, 47 Id., 375; *Deppe v. C., R. I. & P. R. Co.*, 36 Id., 52.

We are to determine whether the record shows that plaintiff's employment was of this character.

It is shown by the record, and nothing more, that plaintiff was a section hand, and when injured was engaged in loading a car. This service did not pertain to the operation of the railway. We held in *Schroeder v. C., R. I. & P. R. Co.*, 41 Iowa, 344, that plaintiff, who was engaged in loading upon

defendant's cars the timbers of an abandoned bridge, as shown by the pleadings, was not employed in the use and operation of the railway. The facts of that case and this are alike.

In *Deppe v. C., R. I. & P. R. Co.*, 36 Iowa, 52, and in *Schroeder v. C., R. I. & P. R. Co.*, 47 Iowa, 375, the duty of the employes in the respective actions, requires each to ride upon the cars. This fact distinguishes this case from those and from *Schroeder v. C., R. I. & P. R. Co.*, 41 Iowa, 344.

We conclude that upon the facts shown in the record plaintiff was not an employe engaged in the use and operation of the railroad, and cannot, therefore, recover for the negligence of his co-employe.

III. Counsel for plaintiff insist that as the petition shows the character and nature of plaintiff's employment, which was not connected with the operation of the railroad, the defendant should have assailed the petition by demurrer, and his failure to do so waived objection to the insufficiency of the cause of action. The position is not correct.

If the facts stated in a petition do not entitle plaintiff to relief, advantage may be taken of the defect by motion in arrest of judgment. The court may at the trial in such a case direct the jury to find for defendant. Code, § 2650; *Seaton & Spaan v. Hinneman*, 50 Iowa, 395: *Edgerly v. Farmers' Ins. Co.*, 43 Iowa, 587.

The foregoing discussion disposes of all questions in the case. The judgment of the District Court is

AFFIRMED.