F. H. PIERSON v. THE INDEPENDENT SCHOOL DISTRICT OF HAWARDEN, IOWA, Appellant.

**School Districts:** ACTION ON CLAIMS AGAINST: *Presentation.* Under Code, section 2780, requiring that claims against a school district must be first presented to the board of directors before suit can be maintained, where the petition founded on such a claim did not allege presentation, and plaintiff's evidence affirmatively showed that it was only proposed to the president of the board of directors to arbitrate the claim, a verdict for the district should have been directed.

MOTION IN ARREST OF JUDGMENT.   Such objection may be taken by motion in arrest, under Code, section 2650, providing that, if the petition entitled plaintiff to no relief whatever, objection may be taken by motion in arrest.

*Appeal from Sioux District Court.*—HON. WILLIAM HUTCH-INSON, Judge.

THURSDAY, DECEMBER 15, 1898.

THE claim for damages contained in the petition is based on the employment of the plaintiff as janitor for one year, and the breach of such contract by discharging him within four months without cause.   There is no allegation in the petition of the presentation of this claim to the board of directors of the defendant, though the failure so to do is expressly averred in the answer.   The other issues need not be stated.   Trial to jury, verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*W. H. Palmer* and *J. B. Van Dyke* for appellant.

*Hutchinson & Plank* and *P. D. Van Oosterhout* for appellee.

LADD, J.—As a condition precedent to the maintenance of an action against a school district, the claim on which it is based must be presented to the board of directors. *Spencer Dist. Tp. v. Riverton Dist. Tp.,* 56 Iowa, 88. Omission to do so appeared on the face of the petition, and, under the practice prior to the enactment of chapter 96, Acts Twenty-fifth General Assembly, the defect would be deemed waived by failure to demur. *Weir Furnace Co. v.Independent School Dist. of Seymour,* 99 Iowa, 116. Sections 2650 and 2651 of the Code of 1873 were amended by that chapter after the cited case had been tried. As amended, these sections appear as 3563 and 3564 of the Code. Under the present statutes, an objection to the petition, not raised by answer or demurrer, is not deemed waived. *Pardey v. Town of Mechanicsville,* 101 Iowa, 266; *McClain v. Capper,* 98 Iowa, 148. No evidence was offered by the plaintiff tending to show that the claim had been presented or a demand made, and when the defendant sought to bring out, on cross-examination, that this had not in fact been done, the court ruled it to be immaterial, and that the question would "not be submitted to the jury whether there was a demand filed by the plaintiff." The evidence so elicited showed that the claim had never been presented, and that Oelrichs, representing the plaintiff, merely proposed arbitration to the president of the board. Such claims must be audited and allowed by the board of directors, and not by the president, and until it has been presented, and the board has had an opportunity to act upon it, no suit can be maintained. Code, section 2780; *Spencer Dist. Tp. v. Riverton Dist. Tp., supra.* As the petition did not so allege, and the evidence showed affirmatively that this had not been done, the motion to direct a verdict for the defendant at the close of the evidence introduced by the plaintiff should have been sustained. *Seaton v. Hinneman,* 50 Iowa, 397; *Smith v. Railway Co.,* 59 Iowa, 73. The same point was well taken in the motion in arrest of judgment. *Rabe v. Sommerbeck,* 94 Iowa, 656; *Linden v. Green,* 81 Iowa, 368. As what we have said disposes of the case, other matters argued require no attention. REVERSED.