ROBINSON & COMPANY v. JOHN F. LARSON *et al.,* Appellants.

False Representations: PROOF. Evidence that plaintiff's agent told the surety on a note that the maker, who was a son of the surety, would pay the debt, and that the liability would not fall on him, and that the surety was unlearned, and weak, physically and mentally, but not so much so as to prevent him from understanding the nature of a surety's liability, was not sufficient to relieve him from his surety obligation on the ground of fraud, since he was not deceived as to any existing fact.

Appeal: OBJECTION BELOW. Defendant was surety on notes secured by a chattel mortgage, to which he was not a party, and which provided that, in case default was made in the payment in any one of the notes, all should become due and payable. The petition, which was filed after default was made in payment of the first note, alleged that all the notes were due and payable, and the answer admitted that by the terms of the mortgage the

whole indebtedness was due "as against the maker." *Held*, that the answer did not constitute a denial on the part of the defendant of the allegation that all the notes were due, and that, therefore, he could not raise that question for the first time on appeal.

*Appeal from Benton District Court.*—HON. OBED CASWELL, Judge.

SATURDAY, OCTOBER 13, 1900.

ACTION in equity to recover on four promissory notes, and to foreclose a chattel mortgage securing the same. From a decree in plaintiff's favor, defendant John F. Larson appeals.—*Affirmed.*

*J. D. Nichols* and *C. Nichols* for appellant.

*Gilchrist & Whipple* for appellees.

WATERMAN, J.—The notes were given by P. L. Larson for a threshing outfit purchased by him of plaintiffs. John F. Larson signed them as surety. As additional security, P. L. Larson executed a chattel mortgage on the property purchased. Two defenses are urged in argument on behalf of John F. Larson, viz.: that the judgment is excessive, and that he was ignorant and weak of mind, and misrepresentations were made to him in order to procure his signature.

The notes were due, respectively, on the first day of September of the years 1896, 1897, 1898, and 1899. This action was commenced on May 31, 1897, when but one of the notes was due by its terms. The contention is that judgment should not have been rendered for more than the amount due on this first note. The mortgage contained a provision that, if default should be made in the payment of any one of the notes, they should all become thereby due and payable. The position of appellant is that, as he was not a party to the mortgage he was not bound by this provision, but can insist upon the contract contained in

the notes alone.   In this matter appellant is sustained by the case of *Trease v. Haggin,* 107 Iowa, 458.

But plaintiffs assert that the question presented is raised for the first time in this court.   The petition alleges that all of the notes are due and payable.   The answer does not put this in issue.   In paragraph 7 of the answer there is an admission that by the terms of the mortgage the whole indebtedness is due and payable as against P. L. Larson, and appellant claims something for this.   Under no rule of construction can this averment be construed as a denial of anything in the petition.   If defendant had desired to do so, he might have denied in his answer that any part of the indebtedness other than the first note was due.   That it was his duty to make the point below is obvious from the hardship that would otherwise result to plaintiffs.   While but one note was due when suit was brought, another had matured at the time of trial.   If defendant had made the point at the hearing in the trial court that is now presented, plaintiffs could have amended, and claimed on the second note.   In addition to this, we may add that all the notes are now due, and, if there is no valid defense to them, it would seem unjust to defendant to subject him to the expense of another trial.   It is urged by defendant that the allegation in the petition that the notes were all due was a legal conclusion, which he was not called upon to deny; but he treated it as a statement of fact, and expressly admitted its truth as against P. L. Larson.   At any rate, we think he should have presented by answer the point on which he relies, for all the notes were sued upon in a single count.

II.   As to the other issue, we feel called upon to say but little more than that it is not established.   Appellant was an unlearned man, weak physically, and not bright mentally, but he knew, as he admits, what he was doing when he signed these notes, and was well aware of the possible consequences of his act.   It is said that he was misled into signing them by one Pickart, who acted for

plaintiffs. The representation made by Pickart upon which appellant claims to have relied was, in effect, that P. L. Larson would pay the notes and appellant, therefore, would incur no liability. This was a mere opinion, upon which appellant had no right to rely. *Bondurant v. Crawford,* 22 Iowa, 40. He knew, as his testimony all indicates, that he would have the notes to pay if his principal defaulted. P. L. Larson was the son of appellant, living with or near the latter. His ability and willingness to pay were matters of which appellant knew more than any other person. No claim is made that appellant was deceived as to any existing fact. We think the holding of the trial court was fully justified, and its decree is AFFIRMED.

GRANGER, C. J., not sitting.