W. R. HOWERTON, Appellant, v. JOHN AUGUSTINE.

**Fraudulent representations.**   Where defendant agreed to procure the assignment to plaintiff of a contract for the purchase of land, without disclosing the fact that the same contained such reservations as would impair the title to be acquired thereunder, and upon plaintiff's performance the assignment was made, it amounted to a fraud for which plaintiff was entitled to such damage as he suffered.

**Same:** PROOF OF DAMAGES.   A witness may have acquired such knowledge of land by conversations and inquiry from others as will qualify him to testify concerning the damage arising from false representations as to title, although he may never have actually seen the same.

**Measure of damages.**   The measure of damages for falsely representing that a contract for the purchase of land which defendant agreed to assign to plaintiff conveyed good title, when in fact it contained material reservations, is the value of the land without reservations, less what plaintiff was to pay, and the market value of the contract with such reservations.

**Torts:** ESSENTIAL ALLEGATIONS.   In a tort action it is not necessary to allege and prove that the damages claimed had not been paid, but a cause of action is made by showing the wrong and its resulting damage; payment is a matter of defense to be specially pleaded under Code, section 3629.

*Appeal from Mahaska District Court.*— HON. JOHN T. SCOTT, Judge.

MONDAY, APRIL 9, 1906.

ACTION to recover damages for fraudulent representations in exchange of real property. At the close of plaintiff's evidence the court, on motion, directed a verdict for defendant, and from judgment thereon plaintiff appeals.— *Reversed.*

*Irving C. Johnson* and *Liston McMillen,* for appellant.

*John O. Malcolm,* for appellee.

McCLAIN, C. J.— In September, 1903, plaintiff and defendant entered into a written contract by which plaintiff agreed to deed to defendant one hundred and sixty acres of land in Coffee county, Kan., subject to a mortgage of $1,500, in exchange for the assignment to plaintiff of a contract for the sale of six hundred and forty acres of land in Douglas county, Wash., subject to the payment by plaintiff of $700 to the Northern Pacific Railroad Company, by whom the assigned contract to convey the land in Washington was made. Subsequently a deed for the Kansas land was secured, to be made by one who held the title in trust for the plaintiff to the defendant, and an assignment of the Northern Pacific Railway Company contract was made to the plaintiff. But thereafter plaintiff discovered that the contract of the railway company contained a reservation of such portions of the Washington land as " are now known or shall hereafter be ascertained to contain coal or iron or other mineral, and also all of such surface ground as may be necessary for mining operations, and the right of access to such reservation and access to coal and iron or mineral lands for the purpose of exploring, developing and working the same "; and thereupon plaintiff instituted this action, claiming that he had no notice or knowledge of any such reservation at the time his contract was made, and that the existence in the railway company's contract which was to be assigned to him of such reservation without disclosure of the fact to him constituted

a fraud, resulting in his damage in the sum of $5,000.   The grounds stated in the motion to direct a verdict were that there was no evidence showing, or tending to show, that any damage to plaintiff and no evidence showing, or tending to show, that any amount of damages to plaintiff was due, or, if due, that the same had not been paid, and no allegation in plaintiff's petition of any amount of damage due plaintiff from defendant.

I. Plaintiff relied entirely upon his own testimony to establish the fraud of defendant in not disclosing to him the reservation in the contract for the Washington land, and

1. FRAUDULENT REPRESENTATIONS.     also to show the amount of damage suffered by him on account of such fraud; and it seems to us his testimony was sufficient to make out a case which should have gone to the jury.   He testified that defendant and his agent both assured plaintiff that defendant had a good title, and that defendant explained the absence of the railway contract at the time of the negotiation of the trade by saying that it had been sent off to the company for formal assignment to the defendant by the person from whom defendant had contracted to buy it.   It seems to us that defendant must be assumed to have known the provisions of the contract which he proposed to assign to plaintiff, and that the existence in such contract of a reservation which substantially impaired the title that could be acquired from the railway company under such contract was a fraud upon plaintiff for which defendant should answer in damages.

As to the amount of damages, plaintiff testified that he knew what would have been the fair market value of the railway contract without the mineral reservation in it, that

2. SAME: proof of damage.     it would have been worth $4,500 to $5,000, and that, with the mineral reservation in it, it had no market value.   On cross-examination he admitted that he did not know anything about the land personally, and did not know whether there was mineral or not, but no objection to his evidence on the ground of incompetency was inter-

posed, nor was any motion made to strike it out, and we think that it should have gone to the jury. Plaintiff testifies that he knew something about the land, although he had never seen it, and, although this knowledge was derived from inquiries and from conversations with others, he may have had such knowledge as would qualify him to speak. 2 Jones, Evidence, section 365; *Phelps, D. & P. Co. v. Sampson,* 113 Iowa, 145; *State v. Tennebom,* 92 Iowa, 551.

But, at any rate, plaintiff might testify as to defendant's declarations with reference to the value, and we think he was competent to testify that with the reservation the contract to convey on payment of $700 was without market value. He might have become familiar in the course of his business dealings with the market value of such contracts as the railway was making for sales of lands in the general locality where this land was situated, although he was not familiar with the identical tract.

It is contended for appellee that the market value of the contract was not material, and that plaintiff should have shown some knowledge as to the market value of the land 3. Measure of itself. Plaintiff was not complaining, however, DAMAGES. of the character of the land, but of the nature of the title, and the effect of the reservation could be determined by considering the value of the contract for the purposes of sale much more effectually than by inquiring as to the character of the land itself. It was only necessary to show the difference between what the value of the land would have been had there been no reservation in the contract, subject, of course, to the deduction of what plaintiff was by the contract required to pay, and the market value of the contract for the sale of the land with such reservation.

II. The other ground of the motion to direct a verdict was substantially that plaintiff did not allege nor prove that 4. Torts: essen- the damages were due and unpaid. We doubt tial allegations. whether the omission of such averment in the petition, even if the averment would have been proper, can be

made the ground for directing a verdict against the plaintiff. If such objection were raised by demurrer or by motion in arrest of judgment, the plaintiff would have an opportunity to amend. Such opportunity is carefully preserved in all the statutory provisions relating to the method of taking advantage of defects in the pleadings. But a motion to direct a verdict is not provided for in the Code. It is, in effect, a demurrer to the evidence, and not to be resorted to for the purpose of reaching defects in the pleadings. In *Smith v. Burlington, C. R. & N. R. Co.,* 59 Iowa, 73, it is said that a defect in the petition which might be raised by motion in arrest of a judgment may also be a ground for directing a verdict for defendant, but in that case the court found a total want of evidence of a fact material to plaintiff's case which had not been pleaded. In *Seaton v. Hinneman,* 50 Iowa, 395, and *Pierson v. Independent District,* 106 Iowa, 695, there was want of evidence, as well as defect in pleading, warranting a directed verdict.

But, however this may be, our attention has not been called to any rule of pleading in actions for tort requiring plaintiff to allege and affirmatively prove in the first instance that the damages have not been paid. In actions for breach of contract for the payment of a specified sum of money, nonpayment constitutes the very breach of the contract sued for, and without allegation of non-payment plaintiff does not in such cases show a cause of action. Therefore it has generally been held that in such a case non-payment being specifically alleged may be controverted under a general denial. *State ex rel. v. Peterson,* 142 Mo. 562 (39 S. W. 453, 40 S. W. 1094); *Knapp v. Roche,* 94 N. Y. 333; *Lent v. New York, etc., R. Co.,* 130 N. Y. 504 (29 N. E. 988); Phillips, Code Pleading, section 363; 16 Encyc. of Pl. & Pr. 176. And see *Garretson v. Bitzer,* 57 Iowa, 469; *Poweshiek County v. Mickel,* 10 Iowa, 76. But in an action for tort plaintiff's cause of action is fully stated when he had alleged defendant's wrong, and the resulting damages and any sub-

sequent payment of the damages is a fact of affirmative defense. to be pleaded and proved by the defendant. See Code, section 3629. And this is the general rule. Phillips, Code Pleading, section 363. It was not necessary, therefore, that plaintiff in this case should allege nonpayment of his damages, and his failure to allege and prove such nonpayment was not a ground on which a verdict could properly be directed against him. Appellee's motion submitted with the case to strike an amendment to appellant's brief and argument in chief is overruled.

The judgment is *reversed*.