STATE BANK OF CHICAGO, Appellant, v. OYLOE PIANO COMPANY, Appellee.

**BILLS AND NOTES: Holder in Due Course—Burden of Proof.** Proof on the part of the maker of a negotiable instrument that it was given as the purchase price of certain goods which the payee at the time knew he could never furnish, establishes such fraud as to cast upon the holder the burden to show that he was a holder in due course.

**APPEAL AND ERROR: Waiver—Insufficient Defense.** The objection that the defense pleaded is insufficient in law is waived by failure to question it in the trial court.

**COSTS: Taxation—Fee for Rejected Witness.** Fees for a witness called in good faith by the successful party may be taxed against the losing party, even though the testimony of such witness was, to a great extent, excluded.

*Appeal from Winneshiek District Court.*—W. J. SPRINGER, Judge.

MAY 12, 1923.

ACTION at law, to recover upon trade acceptances. Trial to a jury. Verdict and judgment for defendant. Plaintiff appeals. —*Affirmed.*

*C. N. Houck* and *H. F. Barthell*, for appellant.

*E. W. Cutting* and *W. M. Allen*, for appellee.

Weaver, J.—On June 13, 1918, the defendant, being engaged as a dealer in pianos at the town of Ossian, Iowa, was solicited by an agent of the Morenus Piano Company, a manufacturer and dealer in such instruments at Chicago, Illinois, for an order for the purchase of pianos. Terms were agreed upon, and defendant ordered and the Morenus Company undertook to furnish plaintiff six pianos, one to be delivered immediately, and the remainder in September following, at the aggregate price of $840. In consideration of this undertaking, the parties executed three drafts or trade acceptances, in the following form:

"June 13, 1918.                                                     $280.00

"Three months after sight pay to the order of ourselves two hundred eighty dollars. The obligation of the acceptor hereof arises out of sale of goods from the drawer.

       "[Signed] Morenus Piano Company.
         "By R. F. Morenus, Pt. and Treas.
"To Oyloe Piano Co., Ossian, Iowa."

The other two acceptances are identical in form, except in being made to mature respectively in four and five months. Across the face of each instrument are written the words: "Accepted—Payable at Ossian, Iowa.   Oyloe Piano Company—Glen Oyloe."

On October 19, 1918, the plaintiff bank, claiming to be a holder in due course, brought this action, to enforce collection. Answering the claim so made, the defendant, while admitting his signature upon these papers, alleges that the execution and delivery thereof were obtained by fraud. He alleges that, at the time of said transaction, the Morenus Company had already failed and ceased to manufacture pianos, and neither had nor was able to furnish the pianos ordered, and never did in any manner fill or comply with said order or furnish the agreed consideration; and that the procurement from him of the said

order and the making of said acceptances were a scheme whereby to perpetrate a fraud upon him. He further denies that plaintiff is a good-faith holder in due course of the instruments sued upon, and alleges, in substance, not only that they were obtained by fraud, but that they were made and delivered subject to the condition that they were not to become effective until the order for the pianos was filled. The officers of the plaintiff bank assert and testify that they took the said acceptances in good faith, and without notice or knowledge of any defense thereto, and for a valuable consideration. The question whether the paper was tainted by fraud in its inception, and if so, then whether the plaintiff was, nevertheless, a good-faith holder, was submitted to the jury, and, as we have seen, the verdict was for defendant.

I. The leading, if not the principal, contention of the appellant is that defendant made no such showing of fraud or defect in the title to the paper as serves to cast upon plaintiff the burden of proving its status as a holder in due course. To this we cannot agree. Confessedly, Morenus had ceased the manufacture of pianos early in April, before the date of this deal in June, 1918, and never did fill the defendant's order, and, indeed, is not shown to have been able to fill it. It was competent, we think, for the jury to find from the evidence that he was then in a failing condition, and took the order knowing that he could not furnish the promised consideration. That this would have made a complete defense for the defendant if Morenus were himself suing cannot be doubted, and the defect in the title so caused is clearly sufficient to impose the burden upon the holder of establishing its ownership in due course. Sections 3060-a52 and 3060-a56, Code Supplement, 1913. That feature of the case presented an issue of fact, which, under the accepted rule in this state, and under all the circumstances shown, could not be disposed of as a question of law. See *Farmers Nat. Bank v. Pratt,* 193 Iowa 406; *Connelly v. Greenfield Sav. Bank,* 192 Iowa 876; *Merchants Nat. Bank v. Grigsby,* 170 Iowa 675, and cases there cited.

II. Defendant pleaded and introduced evidence tending to show that the acceptances were made and delivered without having the proper revenue stamps affixed thereto. It is now the

1. BILLS AND NOTES: holder in due course: burden of proof.

settled rule that such omission does not consti-

**2. APPEAL AND ERROR: waiver: insufficient defense.** tute a good defense to an action on commercial paper, and if the pleading of such matter in this case had been challenged by appropriate motion or demurrer, it would doubtless have been so held; but failure to take advantage thereof operates as a waiver of the error, and affords no ground to set aside the verdict. *Ormsby v. Graham,* 123 Iowa 202, 211; *Roberts v. Ozias,* 179 Iowa 1141, 1143. The record submitted to us does not contain the entire charge of the court to the jury, and we must presume that the court gave proper instructions upon that issue.

III.   Exception is taken to the taxing of witness fees in favor of one G. Vander Aarde, called as a witness for defendant. The testimony so offered was, to a great extent, but not wholly, excluded on the objection of the plaintiff. There

**3. COSTS: taxation: fee for rejected witness.** is nothing to indicate that the witness was not called in good faith, or that there was any abuse of discretion on the part of the court.

We find no reversible error in the record, and the judgment appealed from is—*Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.