MARIE TEAGAR, Appellee, v. FIRST NATIONAL BANK OF WOODBINE
et al., Appellants.

**ESTOPPEL:** Pleading—Conclusion Plea. An allegation that a wife
"*permitted*" her husband to deal with and claim certain property as
his own, and "that by her said acts and conduct and representations
she held the husband out to the public" as such owner, without the
pleading of any act, conduct, or representation tending to so prove,
or of any knowledge on her part of the conduct of the husband relative
thereto, constitutes a conclusion, and is quite insufficient as a plea of
estoppel.

**PLEADING:** Sufficiency—Failure to Demur. A pleading will not be
deemed sufficient because of a failure to demur thereto, when the
pleading is *appended to a general denial.*

*Appeal from Harrison District Court.*—O. D. WHEELER, Judge.

JUNE 24, 1924.

ACTION in detinue, to recover four cows and three calves,
levied on at the behest of defendant bank under attachment
against the husband of plaintiff, and as the alleged property of
such debtor. The ultimate issue was whether the property levied
on was the property of the plaintiff or the property of her hus-
band. There was a verdict and judgment for plaintiff, and the
defendant appeals.—*Affirmed.*

*Robertson & Havens,* for appellants.

*Bolter & Murray* and *Roadifer & Roadifer,* for appellee.

EVANS, J.—The property in controversy was taken under
attachment as the property of Fred Teagar, the attachment
debtor. The petition averred that plaintiff was the real owner
thereof. The answer comprised a general denial, supported by
certain affirmative allegations to the effect that such *was* the
property of Fred Teagar.

I. The first point urged by appellant is that the evidence

was insufficient to sustain the verdict and judgment. The testimony for plaintiff tended to show that she and her husband were married some four years prior to the levy; that her father presented her, at the time of her marriage, with certain propety, including cows; that the attached property comprised the property so received, or the product thereof, and one additional cow that she had purchased with her own money. The calves in question were the product of these cows. The plaintiff and her husband lived together upon a farm, and the property of each was used thereon by them jointly. It appears that plaintiff kept a separate bank account, and the items thereof show that she had business transactions on her own account, including the payment of $45.50 to her husband. She testified that such payment was made in the purchase of a cow. We are clear that the evidence was sufficient to go to the jury, and to sustain the verdict rendered.

II. In Division III of the answer, the defendant purported to plead an alleged estoppel. The trial court ignored this plea of estoppel, and failed to submit the same to the jury. It also rejected as immaterial certain evidence offered by the defendant to sustain the allegations of such estoppel. The correctness of the attitude of the court at this point presents the principal question argued by the appellant. The principal allegations of said plea of estoppel upon which appellant relies are that, long prior to the incurring of indebtedness by her husband to the attachment plaintiff, this plaintiff *"permitted* the said Fred Teagar, who was and is the husband of the plaintiff herein, to use, control, and deal with the said property described in plaintiff's petition herein as his own property; that the plaintiff herein *permitted* the said Fred Teagar to claim generally, and particularly to the said bank, prior to the creation of said indebtedness and the execution of said notes, and at the time of the execution of the same, that he was in fact the real owner of all of said property, and that said property belonged to him; and that she, by *permitting* him to so use, manage, and control said property, and represent himself as the real owner thereof, as above stated, thereby induced the said First National Bank of Woodbine,

1. ESTOPPEL: pleading: conclusion plea.

Iowa, and its officers, to believe that he, said Fred Teagar, was in fact the owner of said property, and by reason of the *acts and conduct* of the said plaintiff in said matter, the said Fred Teagar obtained said credit from said bank, and the said bank was induced to and did take said promissory note or notes signed by the said Fred Teagar, as aforesaid, which the said bank would not have done if it and its officers had known, at the time that it took said note or notes, that the plaintiff was the owner of said property, or claimed that she was the owner of said property, or that said Fred Teagar had no interest whatever in the same. That by her *said acts and conduct and representations,* the plaintiff *held* the said Fred Teagar out to the public, and to the said First National Bank of Woodbine, Iowa, as the owner of said property.''

It will be noted that the foregoing charges the plaintiff as having ''permitted'' her husband, Fred Teagar, to do certain things, and ''that by her said acts and conduct and representations, the plaintiff held the said Fred Teagar out to the public,'' etc. No ''act'' or ''conduct'' or ''representation'' on the part of plaintiff is stated, nor is it charged that she had any knowledge of any alleged representation made by her husband, or that she was ever present when such representations were made, or that she was ever in any position where duty required her to disclose her ownership of such property, and where she failed to do so. The pleading, therefore, if taken as true, wholly fails to disclose an estoppel against the plaintiff. To say that the plaintiff ''permitted'' her husband to make alleged representations was the merest conclusion, supported by no pleaded fact. As against this, it is urged that the pleading was not attacked by demurrer or otherwise, and that, therefore, it 2. PLEADING: sufficiency: failure to demur. was to be deemed sufficient, as a matter of law. The pleading of the alleged estoppel was incorporated in Division III. It was not pleaded as a separate and complete defense, but was appended to a general denial. The general denial rendered the division invulnerable to a demurrer. The rule contended for by defendant was, therefore, not available to it. The court properly ignored it, as disclosing

no facts constituting an estoppel, and properly rejected the evidence offered in support thereof.

Other minor errors are presented and discussed, but we discover nothing prejudicial in any of them. The judgment below is, accordingly, affirmed.—*Affirmed.*

ARTHUR, C. J., PRESTON and FAVILLE, JJ., concur.