E. J. MILLARD et al., Appellees, v. GERTRUDE M. CURTIS, Appellant.

No. 39198.

FEBRUARY 12, 1929.

REHEARING DENIED JUNE 24, 1929.

*Robertson & Wolfe,* for appellant.

*Bolter & Murray,* for appellees.

MORLING, J.—The note sued on is in common form, payable to the order of Dunlap State Bank, signed by defendant, as sole maker. The answer is in two divisions: one a general denial, and the other by separate division:

"This defendant, Gertrude M. Curtis, alleges that her husband, who was an officer in the said bank on or about the date of the note set out in Count II of said petition, presented the said note to her and asked her to sign it; that she never did receive anything of value from said bank, and never agreed to sign said note as surety or otherwise for her said husband; that she had no transaction of any kind or nature with said bank at the time she signed said note; that, by reason of these facts, the said note for $1,000, a copy of which is set forth in said Count II of said petition, is without consideration, and is null and void."

The only evidence in support of this plea is that of defendant and her daughter, as follows: Defendant testifies:

"At the time I signed said note, my husband, Fred W. Curtis, was the cashier or president of the Dunlap State Bank of Dunlap, Iowa, and managing that bank. * * * I was at my home in Dunlap, Iowa, when I signed Exhibit 2, the $1,000 note. My husband, F. W. Curtis, requested me to sign that note. * * * I signed that note about the date it bears. My daughter, Lorraine, heard all of the conversation between F. W. Curtis and me about me signing that note, Exhibit 2, at the time I signed it. * * * That was all the conversation I had with my husband about signing that note. * * * At the time that I signed said Exhibit 2, the $1,000 note in suit, I did not receive any money or any property or anything of any kind or nature, from my husband or from the Dunlap State Bank, of Dunlap, Iowa, for signing that note. I was not promised any money or anything of value by said parties for signing that note. At that time, I did not myself owe the Dunlap State Bank anything. Up to the time

684

I signed that note, Exhibit 2, I had never myself borrowed any money from the Dunlap State Bank. I had not transacted any business of any kind myself with the Dunlap State Bank before I signed that note, Exhibit 2. * * * At the time I signed this note, there was no other conversation about it between my husband and me. * * * I signed this note at my home. * * * I did not transact any of the business in which I gave this note in the Dunlap State Bank.''

It was stipulated that the daughter ''would testify to the same state of facts as her mother, the defendant, has testified to herein as to the execution of the note, Exhibit 2, and that it is to be considered by the court that her testimony as to said matter had been given, and is the same as her mother's testimony as to that matter.''

Book entries claimed to be those of the bank were received in evidence, without laying proper foundation. Plaintiffs contend that, regardless of error in the admission of evidence offered by them to sustain the note as on sufficient consideration, consideration was presumed, defendant's evidence failed to negative consideration, plaintiffs were entitled to judgment as matter of law, and errors in admission of evidence offered by them were without prejudice. In her reply argument, defendant takes the position that, by separate division of her answer, she alleged, as a separate and complete defense, the matters which have been quoted; that her evidence proves them; and that, as the sufficiency of the answer was not questioned in the trial court, it cannot be questioned here; that, as the undisputed evidence sustains her allegations, she was entitled to judgment, under the doctrine of *Ormsby v. Graham*, 123 Iowa 202; *Heiman v. Felder*, 178 Iowa 740, 751; *Roberts v. Ozias*, 179 Iowa 1141, 1143; *State Bank of Chicago v. Oyloe Piano Co.*, 195 Iowa 1152, 1154.

It appears from the allegations of the division of the answer in question that they are intended to raise the defense of want of consideration. The premised facts, as alleged therein, were not sufficient to sustain the conclusion alleged, that the note was, by reason of them, without consideration. Consideration might consist not merely in benefit to defendant, but inconvenience or detriment to or waiver by the bank. *Downey v. Gifford*, 206 Iowa 848.

The defendant admits signing the note and intrusting it to

her husband, who was the managing officer of the bank. That it was delivered to the bank is not questioned. Its delivery was for some purpose. Whether or not there was consideration for the note would depend not merely on whether defendant received, or was promised, anything from her husband or from the bank for her signature, not merely on whether she herself owed the bank anything, or up to that time had borrowed any money from the bank, or had transacted any business of any kind herself with the bank. Consideration would not depend on whether she transacted "any of the business in which I [she] gave this note in the Dunlap State Bank." Consideration would depend upon facts attending the delivery to and acceptance by the bank: on whether, for instance, the note was credited to the husband's account on which defendant was entitled to draw; on whether, as is suggested, the note was received by the bank to take up a note to which defendant's name was forged by the husband; on whether one or more of a multitude of possible conditions existed, from which, because of her promise, a benefit accrued to her, or a detriment to the bank. The mere fact that defendant signed the note and intrusted it to her husband, on his request that she sign it, and that she did sign it, and that nothing else occurred; that she then received or was promised nothing for signing the note, did not herself owe the bank anything, and up to that time had never herself borrowed from the bank or herself transacted any business with the bank; that she at that time had no further conversation with her husband, and did not transact any of the business in which she gave the note to the bank, falls far short of proving her allegation "that she never did receive anything of value from said bank, and never agreed to sign said note as surety or otherwise for her said husband," or "that she had no transaction of any kind or nature with said bank at the time she signed said note," and still further short of proving that the note is without consideration. Through the husband, who was the manager of the bank, the note got into the bank. The husband, in placing the note in the bank, was acting pursuant to some express or implied authority from or understanding with defendant. The consummation of the transaction could not have been at the precise time of the signature, which was the time to which defendant's testimony related. The consummation was at the time when the note was placed in the bank; and that, though

not attended to by defendant personally, as she testified, was attended to by her husband. Even if we pass over the fact that defendant was an interested witness, and, at most, her testimony amounted merely to an opinion, or depended on hearsay, and she had the burden of proof, it cannot be said that the undisputed evidence sustains defendant's allegations.

Defendant not only failed to sufficiently plead, but she wholly failed to prove, want of consideration, in that she offered no evidence whatever on the subject of forbearance, inconvenience, or detriment sustained by the bank. The defendant tendered her answer as a plea of want of consideration. The trial was conducted on the theory that such was the defense. On that theory the case was submitted and determined. Plaintiffs' evidence was offered on the theory that such was the defense. The purpose of plaintiffs' evidence was to show the action that the bank took in accepting the note. Defendant's objections to this evidence were that it was incompetent, immaterial, and irrelevant, not binding on her, and that the books offered were not such books "as provided for by statute, if it could be offered in evidence," and would be hearsay. That the entire field of consideration was before the court for determination was not questioned in the trial court. The trial court without objection there treated defendant's pleading as properly raising the defense of want of consideration, received evidence on that theory, and on that theory determined the case. If defendant's allegations were merely defective, and the evidence showed a good defense, and she, because the answer was not attacked by motion or demurrer or motion in arrest in the trial court, had been deprived of her right to amend, we would have a different question. The authorities relied upon by defendant, including others along the same line (*McLeod v. Thompson*, 138 Iowa 304, 306; *First Nat. Bank v. Zeims*, 93 Iowa 140, 143; *Sutherland v. Standard Life & Acc. Ins. Co.*, 87 Iowa 505; *Frentress v. Mobley*, 10 Iowa 450; *Fairley v. Falcon*, 204 Iowa 290; *New Prague F. M. Co. v. Spears*, 194 Iowa 417; *Hinman v. Treinen*, 196 Iowa 701; *Elzy v. Waterloo, C. F. & N. R. Co.*, 193 Iowa 330; *Teagar v. First Nat. Bank*, 198 Iowa 107; *State Bank of Chicago v. Oyloe Piano Co.*, 195 Iowa 1152; *Hawkeye Clay Works v. Globe & Rutgers Fire Ins. Co.*, 202 Iowa 1270; *Roberts v. Ozias*, 179 Iowa 1141), are not in point. Plaintiffs, on the pleading and defendant's evidence, were en-

titled to judgment. *Smith v. B., C. R. & N. R. Co.*, 59 Iowa 73; *Pierson v. Independent·Sch. Dist.*, 106 Iowa 695; *Brown v. Cunningham*, 82 Iowa 512; *Seaton & Spaan v. Hinneman*, 50 Iowa 395; Section 11145, Code of 1927. Errors in the admission of evidence offered by plaintiffs were, therefore, without prejudice. —*Affirmed.*

ALBERT, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.