C. A. LeFleur et al., Appellants, v. S. A. Caldwell et al.,
Appellees.

**BILLS AND NOTES:** Consideration—Want of. In an action on a note
signed by the husband and wife, denial of recovery against the
wife may find justification in her plea of want of consideration,
supported by testimony that the deal in which the note was given
was wholly with the husband, and with no thought on the part of
the principals that the wife would sign the note; and that the wife
received nothing for signing, and did so solely on the suggestion
of the scrivener.

*Appeal from Sioux District Court.*—WILLIAM HUTCHINSON,
Judge.

OCTOBER 23, 1923.

ACTION upon promissory note, and for foreclosure of chattel
mortgage. Judgment rendered against the defendant S. A. Cald-
well, and petition dismissed as to Mary Caldwell. Plaintiffs ap-
peal.—*Affirmed.*

*Thomas McInery* and *C. E. Gantt,* for appellants.

*G. W. Pitts,* for appellees.

WEAVER, J.—The record shows that the note sued upon was
given to cover part of the purchase price of the paraphernalia
of a pool hall outfit in the town of Alton, in Sioux County, sold
by the plaintiffs to the defendant S. A. Caldwell. The negotia-
tion for such sale was wholly with S. A. Caldwell. The written
contract and bill of sale were made with him alone. There was
no agreement between plaintiffs and Caldwell that the wife of
the latter should join in the purchase or in the execution of the
note. Caldwell made a cash payment of $2,000, and was to have
two years' time upon the remaining sum of $1,800. When the
papers were executed, one Gibbs, who seems to have acted as
scrivener, asked Mary Caldwell to sign the note and mortgage,
and she did so, without asking any questions. This action was

brought to recover upon the note so signed. S. A. Caldwell answered, setting up a counterclaim on the ground of false and fraudulent representations concerning the property and business, and Mrs. Caldwell answered separately, pleading want of consideration. The trial court found for the plaintiffs, as against S. A. Caldwell, and assessed their recovery at $270, and denied any recovery against Mary Caldwell.

It is argued for appellants that the evidence is insufficient to justify the action of the court in allowing any damages in favor of S. A. Caldwell, and thereby cutting down the amount of plaintiffs' recovery. We do not so regard the record. There is little room for doubt that plaintiffs largely overstated the extent and value of the business and income therefrom, and when we recall that they received a cash payment of $2,000 upon property of very doubtful value, there is little reason left for holding that the finding by the trial court does them any injustice in that respect. So far as the claim against Mary Caldwell is concerned, we have seen that the contract for sale of the property and business was made with the husband alone, and without any condition or agreement that the wife should become in any manner obligated, either as principal or surety, for the debt so created. The plaintiff, testifying as a witness, says:

"I didn't pay Mrs. Caldwell anything for her signature to the note and mortgage. * * * Didn't ask him to have her sign. It was the suggestion of Mr. Gibbs."

He also says:

"We sold the tables to Mr. Caldwell, and were satisfied with his note and mortgage."

Gibbs appears to be the scrivener who prepared the papers. If he had any other relation to or function in the transaction, or any authority to represent the interest of either party thereto, it is not shown by the record. It is perhaps a fair inference, though not so expressed, that he suggested the execution by the wife as a matter of precaution against any future denial of the validity of the lien, as having been made upon exempt property. The procurement of the wife's signature appears to have been an afterthought, occurring after the contract of sale to the husband had become complete, and to have been made without consideration.

The court did not err in dismissing the petition as against the wife. It follows that the findings and judgment appealed from must be—*Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.