W. F. INSELL, Appellant, v. FRANK McDANIELS et al., Appellees.

**BILLS AND NOTES:** Consideration—Failure of Consideration—Facts
1 **Showing.** The signer of a promissory note (no holdership in due course being involved) may plead want of consideration (1) when the note grew out of a transaction with which he was in no manner connected, (2) when he was under no possible obligation to sign the note, and (3) when he received nothing of value for so signing. (See Book of Anno., Vol. 1, Sec. 9441.)

**BILLS AND NOTES:** Consideration, Failure of—Nonestoppel to
2 Plead. The maker of a promissory note is not estopped to plead
failure of consideration for the note as to him because of the fact
that, subsequent to the signing, he was a party to a contract under
which there was a novation of security.

**APPEAL AND ERROR:** Harmless Error—Rejection of Inconsequential
3 Testimony. Error may not be predicated on the rejection of com-
petent but inconsequential testimony.

**APPEAL AND ERROR:** Harmless Error—Nonprejudicial Striking of
4 Pleading. Error may not be predicated on the striking of pleaded
matter of which complainant has had the full benefit in the trial
court.

**APPEAL AND ERROR:** Perfecting Appeal—Reducing Time in Which
5 to Appeal—Effect. Principle reaffirmed that the time allowed for
an appeal cannot be reduced by legislative enactment after judg-
ment.

Headnote 1:  8 C. J. pp. 211, 213, 747.  Headnote 2:  8 C. J. p. 722.
Headnote 3:  4 C. J. p. 1004.  Headnote 4:  4 C. J. p. 940.  Headnote
5: 3 C. J. p. 1042.

*Appeal from Wright District Court.*—G. D. THOMPSON, Judge.

MARCH 9, 1926.

SUIT on a promissory note executed by the defendants, who
are husband and wife. No defense was interposed in behalf
of the husband. The court directed a verdict in behalf of the
wife, and the plaintiff appeals.—*Affirmed.*

*J. W. Henneberry* and *Nagle & Hill,* for appellant.

*Birdsall, McGrath & Archerd,* for appellees.

FAVILLE, J.—On October 4, 1918, appellant and appellee
Frank McDaniels entered into a written contract for the ex-
change of certain real estate. Appellee Lillian McDaniels was
not a party to said contract. The contract pro-
vided that the said Frank McDaniels should
give a third mortgage of $3,550, drawing six
per cent interest from and after March 1, 1919,
on certain of the premises. Said mortgage was to become due

on or before the date of a certain first mortgage thereon. In pursuance of this contract, and in closing up the transaction, on or about January 24, 1919, appellees executed the note in suit, the same being for the principal sum of $3,550, due November 1, 1922. On said date appellees also executed and delivered to appellant a mortgage on certain real estate, to secure the said note, as provided in the said contract. Appellees also deeded certain lands to appellant.

After the transaction had been consummated, Frank McDaniels sold said real estate to parties by the name of Engstrom, who gave to McDaniels a fourth mortgage on said land. The Engstroms later sold the land to one Hall. Thereafter, on May 15, 1923, a contract was entered into between Hall, the appellant, the appellees, and one Webster, who held a mortgage on said premises. The contract provided for a readjustment of the incumbrances on the land. Under the terms of the contract, appellant agreed to release the mortgage which he then held, securing the note for $3,550, and to accept in lieu of said security a new mortgage, to be given by Hall and his wife, securing the said note and its accrued interest, which mortgage was to mature on March 1, 1927. Hall and his wife gave the new mortgage.

It appears that the $3,550 note had been hypothecated by appellant as collateral security for an indebtedness owed by appellant, and that on July 17, 1923, appellant and the collateral holder of said note signed an agreement indorsed upon the back of said note, extending the time of payment of the same to March 1, 1927. This agreement was not signed by either of appellees. Default having been made in the payment of the interest on said note, under its terms the entire amount became due and payable; and this action is brought on the note, without regard to the mortgage security.

Two principal questions are involved in the case: First, was the signature of appellee Lillian McDaniels without consideration; and, second, is the said Lillian estopped, by reason of her signing the contract of May 15, 1923, from claiming a want of consideration in the execution of the said note?

I. The contract for the exchange of properties contained no provision whatever for the giving of a note or for the in-

curring of any obligation on the part of appellee Lillian. In fact, it did not even require the appellee Frank to execute a note. The contract merely required the said Frank to give a third mortgage of $3,550 on the premises. The undisputed evidence shows that, at the time of closing the transaction, appellee Lillian was not present. A scrivener prepared a note and mortgage at Eagle Grove, and delivered the same to appellee Frank, who took the same to Woolstock, where they were signed by himself and wife and returned to appellant. This is not a case where the payee of a note required or demanded the signature of a third party as a joint maker or an accommodation maker or surety. Appellant had no dealings whatever with appellee Lillian. She was not a party to the contract, and there was nothing in the contract that required her signature to the note, to effectuate the transaction. She received no consideration whatever for signing the note. Appellant was fully advised of the situation. The case is very similar to that of *LeFleur v. Caldwell,* 196 Iowa 727, and is controlled by the rule therein announced. As bearing somewhat on the same question, see *State Sav. Bank v. Osborn,* 188 Iowa 168.

The court did not err in holding that the signature of Lillian was without consideration.

II. The other question in the case is whether or not appellee is estopped to claim a want of consideration by reason of her being a party to the written contract of May 15, 1923, known in the record as Exhibit B.

The contract made no reference in terms to the note in suit. It provided that appellant should release his mortgage of $3,550 which appellees had executed, and that in place of such security he should accept a mortgage to be executed by Hall on the premises securing the same note; and the contract provided that the new mortgage should mature March 1, 1927.

2. BILLS AND NOTES: consideration, failure of: nonestoppel to plead.

Thereafter, appellant, with the consent and agreement of the collateral holder of said note, indorsed an extension upon said note, making the date of maturity the same as that of the mortgage executed by Hall. There was nothing in this transaction by which appellee Lillian waived her right to plead a want of consideration in the execution of the original note. It

is contended that appellee Frank received a benefit by the execution of the extension agreement, in that it operated to enhance the security which he held, and which was involved in the refinancing of the obligations of Hall. But no new consideration whatever passed to appellee Lillian by the execution of the contract. It did not bind appellant to extend the time of payment of the note in suit. It did bind him to accept a mortgage securing the same, executed by a new party, Hall, the due date of which mortgage was to be at a later time than the due date of the said note; but there was nothing in the contract by which appellee Lillian could have held appellant to an extension of the time of payment on said note.

We find nothing in the terms of the contract of May 15, 1923, that constitutes a waiver on the part of appellee Lillian of her right to urge her claim of want of consideration; nor do we find that by the execution of said contract appellee Lillian is estopped from pleading a want of consideration in the execution of the note sued upon. We reach the conclusion that the trial court did not err in directing a verdict in behalf of appellee Lillian on the record made.

III. Complaint is made of the action of the court in rejecting certain exhibits that were offered in evidence. These were deeds of the property which appellee Frank conveyed to appellant.

The deeds might properly have been received in evidence, but there is nothing in the said deeds that changed the position of the parties or bound appellee Lillian in any way to the payment of the note in suit. No prejudice could have resulted to appellant from the ruling of the court in regard to said evidence.

3. APPEAL AND ERROR: harmless error: rejection of inconsequential testimony.

IV. The action of the trial court in striking the second count from appellant's petition, in which recovery is sought under the terms of the contract of May 15, 1923, was clearly correct. Appellant had the full benefit of said contract for all the uses and purposes for which it was available to him in the suit.

4. APPEAL AND ERROR: harmless error: nonprejudicial striking of pleading.

V. A motion to dismiss the appeal, submitted with the

case, on the ground that the appeal was not taken within time, is without merit. Judgment was entered in this case on October 17, 1924, prior to the taking effect of the Code of 1924. The appeal was taken within six months, but more than four months, from the time of the entry of the judgment, and was timely. The case is controlled at this point by our recent decision in *Davis v. Robinson,* 200 Iowa 840.

**5. APPEAL AND ERROR: perfecting appeal: reducing time in which to appeal: effect.**

It follows that the judgment appealed from must be, and it is,—*Affirmed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.