T. C. GORMAN, Appellant, v. S. A. SAMPICA et al., Appellees.

**BILLS AND NOTES:** Consideration—Signing to Release Dower. A promissory note and mortgage for the pre-existing debt of a husband are without consideration as to the wife who signs the same for the sole purpose of releasing her dower interest.

Headnote 1: 8 C. J. p. 233; 30 C. J. p. 736.

*Appeal from Jones District Court.*—F. L. ANDERSON, Judge.

DECEMBER 14, 1926.

Action upon a promissory note. Jury waived, and cause tried to the court as in equity. Judgment against the defendant S. A. Sampica; petition dismissed as to Ella M. Sampica; and the plaintiff appeals.—*Affirmed*.

*Clifford B. Paul,* for appellant.

*James E. Remley,* for appellees.

STEVENS, J.—The note upon which this action is based bears date November 21, 1923, and is signed by S. A. Sampica and appellee Ella M. Sampica, his wife. Payment thereof was secured by mortgage upon real property of S. A. Sampica's in Skinner's Addition to the city of Anamosa. The consideration for the note was the payment by T. C. Gorman, the payee, as surety for S. A. Sampica, of another note, payable to the Niles & Watters Savings Bank of Anamosa. The defense pleaded by Ella M. Sampica to the note in suit was that she signed it at the time of signing the mortgage upon the Anamosa property of her husband, for the sole purpose of releasing dower in said property. and that she received no consideration therefor. The answer also prayed a reformation of the note. Upon motion, this issue was transferred to equity for trial, resulting in a finding against her thereon. The court, however, held that the note was executed without consideration on her part, and the petition as to her was dismissed.

The evidence is brief and without substantial conflict. The note was signed a few days subsequent to the marriage of the defendants. The original debt was contracted prior to the marriage, and, in fact, before the defendants became acquainted with

each other. Appellee was the owner of real property in Olin in her own right, on which she refused to execute a mortgage, to secure the above indebtedness of her husband. Nothing was said by either party, at the time the note was signed, as to her becoming surety for her husband, nor was her claim that she signed the same for the sole purpose of releasing dower discussed. According to appellee's testimony, she and her husband were in the office of appellant's brother, who is an attorney at law, sitting close to the desk on which the papers were signed, and he simply passed the note to her for signature, and she signed the same, without comment on the part of anyone. After the note and mortgage were signed, appellee accompanied her husband to the office of appellant, to whom the papers were delivered. Appellee testified that she had no intention of binding herself personally for the payment of the note,—which, as stated, represented an indebtedness antedating her marriage,—and that she did not understand that she was making herself liable for the payment of the note. The evidence brings the case within the rule announced in the following cases: *Insell v. McDaniels*, 201 Iowa 533; *LeFleur v. Caldwell*, 196 Iowa 727; *Hinman v. Treinen*, 196 Iowa 701.

The fact that the indebtedness was contracted prior to the marriage of appellee and S. A. Sampica, and her refusal to pledge her own property as security therefor, are strong circumstances tending to support her defense. It is, of course, conceded that she received no consideration for the note. Some correspondence between appellant and appellee was introduced in evidence, but we find nothing therein to aid appellant. The debt is referred to in these letters as the husband's, and there is no recognition on her part of liability therefor.

It is also claimed that appellee waived her defense, or estopped herself from relying thereon, by a statement in the motion to transfer the issue of reformation to the equity side of the docket, to the effect that reformation was the only issue in the case. That such was not her intention is apparent from the fact that the answer setting up her main defense was filed prior to, and on the same day as, the motion.

We find no ground for reversal, and the judgment is affirmed.—*Affirmed*.

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.