AMERICAN COMMERCIAL & SAVINGS BANK OF DAVENPORT, Appellee, v. FRANK H. KRAMER et al., Appellees; IDA MAY GOODMAN, Appellant.

JUNE 26, 1928.

50

*Phil R. Wilkinson*, for appellant.

*John A. & W. T. Guiher*, for appellee.

EVANS, J.—The material facts are not in dispute. It appears from the record that the mortgage foreclosed was executed by one Worley, then owner of the mortgaged property. In the year 1921, W. H. Goodman purchased the property from Worley, and assumed the mortgage as a part of the purchase price. The mortgage debt was to mature March 1, 1925. On January 13, 1925, Goodman sought an agreement for an extension of the due date of the mortgage. The local agent of the plaintiff was one McCall. Goodman applied to him for the extension. As a condition of such extension, McCall first required that $2,000 should be paid on March 1, 1925. This was not satisfactory to Goodman. The final agreement was that $2,000 of the debt should be extended to March 1, 1927, and the balance to March 1, 1930, on condition that both Goodman and his wife would sign an agreement to pay such amounts when due. The proposed agreement was then and there drawn up, signed by Goodman, and by him retained and taken away for the purpose of obtaining the signature of his wife. She signed it at his request, after reading the same, and permitted him to return the same to McCall. Upon the receipt of this agreement, duly signed by both Goodman and his wife, this extension was effected. The personal liability of the defendant Ida May Goodman is predicated upon this agreement. No misrepresentation or fraud of any kind is claimed. The sole defense presented is want of consideration. The argument in support of such defense is that the debt is not hers, and she received nothing for her signing.

Whether the defendant received any consideration is not the sole criterion in such a case. It is sufficient if the payee parted with consideration, even though the particular signer received none of it. In this case, consideration did pass from

the payee to Goodman by the extension of time. This extension was consented to by the payee on the condition that the wife would sign the agreement. In the first instance, Goodman agreed that he would procure her signature. He did procure it. The condition being thus performed, the extension was created. Upon such a state of facts, the defense of want of consideration is wholly precluded. *First Nat. Bank v. Phillips* 203 Iowa 372.

Appellant's contention in argument is that the case is ruled by our holdings in *Hinman v. Treinen,* 196 Iowa 701; *Le Fleur v. Caldwell,* 196 Iowa 727; *Insell v. McDaniels,* 201 Iowa 533; and *Gorman v. Sampica,* 202 Iowa 802. None of the foregoing cases are in point. In none of those cases was the principal maker - of the obligation under any promise or duty to procure the wife's signature. Her signature was attached by her to a contract already complete. It was not done pursuant to any previous promise or condition. The payee parted with nothing on the faith thereof, nor did the principal maker receive anything. Such is not the case before us.

The decree of the district court is, accordingly,—*Affirmed.*

All the justices concur.