FIRST NATIONAL BANK of Logan, Appellant, v. HERMAN J. METHER, Defendant; AMANDA METHER, Defendant, Appellee.

No. 41894.

DECEMBER 12, 1933.

REHEARING DENIED APRIL 5, 1934.

Howard B. Scott, and C. W. Kellogg, for appellant.

Robertson & Wolfe, for appellee Amanda Mether.

KINDIG, J.—On June 8, 1931, the defendant Herman J. Mether and the defendant-appellee, Amanda Mether, executed three promissory notes payable to the appellant, First National Bank of Logan. These notes were secured by a real estate mortgage executed by

the makers of the notes. The mortgage covered real estate in Harrison county owned by the defendant Herman J. Mether. Default was made in the payment of the notes, and, on May 24, 1932, the present proceeding was commenced by the appellant to recover judgment against the defendant Herman J. Mether and the appellee, Amanda Mether, on the notes. Also the appellant in that suit asked for the foreclosure of the mortgage on the real estate given to secure the indebtedness.

Amanda Mether, the appellee, defended by alleging: First, that her signatures to the notes were procured without any consideration to her; and, second, that she signed the notes merely to waive her dower interest in the land, with the promise on the part of the appellant that her own property would not in any way be affected by the transaction. It seems that the appellee owns real estate of her own. This real estate is not covered by the mortgage. At the trial of the controversy the district court entered judgment in the appellant's favor against the defendant Herman J. Mether and foreclosed the mortgage, but denied the appellant a personal judgment against the appellee, Amanda Mether.

An appeal then was taken by the appellant to correct the alleged error of the district court in failing to enter judgment in its favor against the appellee, Amanda Mether. That is the only question involved.

I. As previously indicated, the appellee argues that she is not liable to the appellant on the notes because she received no consideration for her signature thereon. The defendant Herman J. Mether is the husband of the appellee, Amanda Mether. Mr. Mether is a farmer in Harrison county. In addition to the tilling of the soil, he feeds cattle. He has done this for many years past. Several years before the notes in suit were executed, the defendant Herman J. Mether suffered losses in his cattle feeding ventures, and, from time to time, borrowed moneys at the appellant bank to cover the same. These obligations became due, and at or immediately before the time the present notes were executed the appellant bank informed the defendant Herman J. Mether that it necessarily would have to insist on immediate payment unless security should be given for the indebtedness. By way of security, the appellant asked: First, that the three new notes be signed not only by the defendant Herman J. Mether, but by the appellee, Amanda Mether, as well; and, second, that the notes be supported by the mortgage in question.

Consequently the defendant Herman J. Mether asked his wife, the appellee, to sign the new notes with him in order that he might thereby procure an extension of the time of payment of the indebtedness. Accordingly, the appellee signed the notes and the mortgage. Through that transaction, the defendant Herman J. Mether obtained a substantial continuance of the due date on his indebtedness. That continuance amounted to a consideration which would support the signature of the appellee on the notes. The consideration in this instance is the extension of the time of the due date.

Concerning an identical situation, this court said, in American Commercial & Savings Bank v. Kramer, 206 Iowa 49, reading on pages 50 and 51, 219 N. W. 931:

"Whether the defendant [the wife] received any consideration is not the sole criterion in such a case. It is sufficient if the payee parted with consideration even though the particular signer received none of it. In this case consideration did pass from the payee to Goodman [the husband obligor] by the extension of time. This extension was consented to by the payee on the condition that the wife would sign the agreement. In the first instance Goodman agreed that he would procure her signature. He did procure it. The condition being thus performed, the extension was created. Upon such a state of facts the defense of want of consideration is wholly precluded."

Again, we said in Commercial Savings Bank v. Carey, 207 Iowa 1060, on page 1063, 224 N. W. 62, 63:

"It is a well-settled rule that where a holder of an obligation agrees to extend the due date thereof, upon condition that the maker's wife sign the new note, and the wife does sign the same, and an extension is created, the defense of want of consideration for the wife's signing is precluded, since it is sufficient if the holder parted with consideration, even though the wife received none of it.* * * This is a general rule as declared by the Supreme Courts of many states of the American Union." To the same effect, see Hakes v. Franke, 210 Iowa 1169, local citation 1178, 231 N. W. 1; Nolte v. Nolte, 211 Iowa 1289, local citation 1292, 235 N. W. 483.

Under the circumstances in the case at bar, therefore, the appellee's plea of want of consideration is not sustained.

II. But it is contended by the appellee that she did not

sign the notes in order that they should become a binding obligation against her. The signatures on the notes were affixed by the appellee, she declares, in order to waive her dower interest in her husband's real estate covered by the mortgage.

At the time the notes were executed, the appellee says that the officers of the appellant bank advised her that the signatures on the notes would not have the effect of creating a personal obligation. These officers, according to the appellee, advised her that the only purpose of her signatures on the notes was to convey her dower interest in the real estate. There is a sharp conflict in the evidence concerning what was actually said at the time the notes were signed. According to a witness for the bank, who heard the conversations, the appellee's signatures to the notes were not placed thereon to waive the dower interest. On the other hand, it is claimed by this witness for the bank that nothing was said at the time to the effect that the notes were not to become full and binding obligations according to their terms. This witness further suggested that the appellee did not desire to mortgage any of her own real estate, but made no objections to signing the personal notes and the mortgage securing the same on her husband's real estate.

Fraud is not relied upon by the appellee as a defense. She did not plead fraud, nor did she introduce any evidence indicating it. Assuming, therefore, without deciding, that the appellee was advised that the legal effect of her signatures on the notes would amount only to a release of her dower interest in her husband's real estate, yet that does not constitute a defense, under the circumstances, to the suit on the notes. There is no claim on the part of the appellee that the notes were not to become effective for some purpose. Nor does the appellee claim that the notes were conditionally delivered. An avoidance of liability on the notes is predicated upon the thought that the instruments are to have a different legal effect than their terms provide.

■ It is the contention of the appellee that, although the notes are in the ordinary terms of instruments of that kind, there is to be added thereto the language of a conveyance. When executing the mortgage, of course the appellee conveyed her dower interest in her husband's real estate. Nowhere in the language of the notes is there anything to suggest that a dower interest in real estate is transferred. Of course, it is permissible, under proper circumstances, to introduce oral testimony for the purpose of showing an

inducement and a conditional delivery. Selma Savings Bank v. Harlan, 167 Iowa 673, 149 N. W. 882. See, also, Ball v. James, 176 Iowa 647, 158 N. W. 684; Mason v. Cater, 192 Iowa 143, 182 N. W. 179; City National Bank v. Mason, 192 Iowa 1048, 186 N. W. 30; Thompson v. Finch, 196 Iowa 1013, 195 N. W. 744. Likewise, it may be shown by parol evidence that a written instrument is delivered for a special purpose only; for instance, the security of a debt. Herron v. Brinton, 188 Iowa 60, 175 N. W. 831. So, too, oral testimony may be admitted in order to prove that a written instrument was delivered to evidence and secure another obligation. Security Savings Bank v. Hambright, 195 Iowa 1147, 193 N. W. 576; Banwart v. Shullenburg, 190 Iowa 418, 180 N. W. 190. Nevertheless oral evidence may not be introduced to nullify, modify, or change the character of the written obligation itself. Klemm v. Weil, 194 Iowa 1073, 190 N. W. 388. See, also, Herron v. Brinton, supra; Banwart v. Shullenburg, supra; Security Savings Bank v. Hambright, supra; Ziegler v. McFarland, 147 Pa. 607, 23 A. 1045; Dominion Trust Co. v. Ridall, 249 Pa. 122, 94 A. 464; First National Bank of Hooversville v. Sagerson, 283 Pa. 406, 129 A. 333; Clarke v. Allen, 132 Pa. 40, 18 A. 1071; Gsell v. Helman, 108 Pa. Super. Ct. 258, 164 A. 853.

That is the rule regardless of whether the written contract is a negotiable instrument or an ordinary agreement. Dolan v. Danbury State Bank, 207 Iowa 597, 223 N. W. 400; Cox v. Fleisher Construction Co., 208 Iowa 458, 223 N. W. 521. A maker of a promissory note cannot avoid liability thereon simply because he did not anticipate the legal effect of the instrument, unless there is a defense predicated upon fraud or a prayer following the proper allegations in an answer asking for reformation. John Versteeg, Receiver, v. Ben Hoeven, 214 Iowa 92, 239 N. W. 709.

In the case at bar, as before seen, the appellee intended the three notes to be delivered. There is nothing conditional about the delivery. Moreover, the appellee desired that the notes become effective. Her argument indicates, however, that her desire was that the notes become effective only for the purpose of conveying her dower interest in her husband's real estate. Such dower interest was manifestly conveyed by the mortgage which was appropriate for that purpose. There is nothing appropriate in promissory notes to convey the dower interest in real estate. The notes do not even have a remote appropriateness to make such conveyance. By re-

ferring to the cases upon the subject, it will be found that, in each instance where a note has been assigned a different purpose from that appearing upon its face, there is at least a remote relationship between the terms of the note and such purpose. Consequently, in the case at bar, if the notes are not to be enforced according to their terms, they have, in fact, no purpose at all. That is true because the purpose assigned to them by the appellee is not even remotely appropriate for an instrument of that kind. See cases above cited. If the appellee's theory is to be applied, the notes would have no effect at all. She declares that they were not to be enforced as notes, and, in view of the fact that they are not a conveyance, there would be no purpose for the instruments at all. The appellee's theory, therefore, would entirely nullify the instruments. Manifestly, therefore, the appellee has not set forth a defense to the notes.

Several Iowa cases are relied upon at this point by the appellee. These case are Hinman v. Treinen, 196 Iowa 701, 195 N. W. 345; Le Fleur v. Caldwell, 196 Iowa 727, 195 N. W. 234; Insell v. McDaniels, 201 Iowa 533, 207 N. W. 533; Gorman v. Sampica, 202 Iowa 802, 211 N. W. 429; Cooley v. Will, 212 Iowa 701, 237 N. W. 315. In each of these cases thus cited by the appellee there was no consideration for the wife's signature on the note made by her husband. That is true because the original transaction was entirely with the husband, and the wife was not required, by previous contracts or by the demands of the payee to sign the instrument. Her signature was merely voluntary, and she affixed it to the instrument through inadvertence. Those cases relied upon by the appellee are fully explained in American Commercial & Savings Bank v. Kramer, (206 Iowa 49, 219 N. W. 931), supra, and Millard v. Curtis, 208 Iowa 682, 223 N. W. 489.

When explaining the distinction between the cases relied upon by the appellee and the American Commercial & Savings Bank and Millard cases, we said, in American Commercial & Savings Bank v. Kramer, supra, reading on page 51:

"None of the foregoing cases [the cases relied upon by the appellee], are in point. In none of those cases was the principal maker of the obligation under any promise or duty to procure the wife's signature. Her signature was attached by her to a contract already complete. It was not done pursuant to any previous promise or condition."

702

Under the entire record, therefore, it is apparent that the appellee has not presented a defense to the notes, and the district court should have entered judgment thereon against her.

Wherefore, the judgment and decree of the district court should be, and hereby is, reversed.—Reversed.

ALBERT, C. J., and EVANS, CLAUSSEN, and DONEGAN, JJ., concur.