D. W. BATES, Superintendent of Banking, Receiver, Appellant, v. LAURA M. GREEN, Appellee.

No. 42631.

NOVEMBER 13, 1934.

REHEARING DENIED MARCH 18, 1935.

Shaw & Yoder, for appellant.

No appearance for appellee.

STEVENS, J.—Appellant superintendent of banking brings this action against the appellee, Laura M. Green, and asks judgment upon a promissory note signed by appellee, with her husband, J. W. Green. The facts are not in dispute. A jury was waived and the cause tried to the court. The court's finding on the facts must be given the same weight and effect as the verdict of a jury. The execution of the note in suit is admitted by the defendant. At the time the note was executed, she also joined with her husband in a mortgage in which she released dower. She pleads in defense of the note that she received no consideration therefor and that she signed the same, together with the mortgage, for the sole purpose of releasing dower. The cause is argued in this court largely upon the theory that the note was executed in renewal of a former note and that the extension of the time of payment constitutes a consideration for the signature of appellee.

This court has repeatedly held that an extension of the time of payment of an existing indebtedness to the husband constitutes a sufficient consideration, and, so far as this particular element is involved, is binding upon the wife. American Comm. & Savings Bank v. Kramer, 206 Iowa 49, 219 N. W. 931; Nolte v. Nolte, 211 Iowa 1289, 235 N. W. 483; First Nat. Bank of Logan v. Mether, 217 Iowa 695, 251 N. W. 505.

The court was bound, upon the record, to find that no actual consideration passed to appellee for her signature. The real issue is not, however, whether the note in suit imports a consideration which, ordinarily, would be binding upon a party signing the instrument, but whether appellee signed the same with the mortgage for the purpose of releasing her dower in the property only. Manifestly, it was unnecessary for her to sign the note if her only purpose was to release dower. The fact, however, that she did sign the note is not conclusive against her. The question upon the record is one of fact. Appellee testified that she signed the note and mortgage at the request of her husband, who was indebted to the First Savings Bank of Richland in a considerable sum of money and who desired an extension of the time of payment. We gather that a party by the name of Drake represented the bank. Appellee testified that her husband was the first one who said anything to her about

signing the note or mortgage, and that immediately before the signature was attached something was said in the presence of Drake about signing the mortgage. Appellee further testified that she signed the same for the purpose of releasing dower only, and that she received no part of the consideration for the note. J. W. Green, the husband, testified that Drake informed him that he desired the wife's signature so that he could make a proper showing to the department and that he had no intention of enforcing liability against her. This testimony was admissible only for the purpose of throwing light, if it tended to do so, upon the claim of appellee that she signed the instrument only as a part of the transaction for the release of her dower interest in the mortgaged premises. The evidence is very meager on the point, but it cannot be said that there is no evidence tending to show that the appellee intended to sign the instrument for the purpose of releasing dower. The court has not been favored with an argument on behalf of appellee.

The law applicable to the only decisive question in this case has been frequently declared and is well settled in this state. Gorman v. Sampica, 202 Iowa 802, 211 N. W. 429; Cooley v. Will, 212 Iowa 701, 237 N. W. 315; Le Fleur v. Caldwell, 196 Iowa 727, 195 N. W. 234; Millard v. Curtis, 208 Iowa 682, 223 N. W. 489; Commercial Sav. Bank v. Carey, 207 Iowa 1060, 224 N. W. 62; Hakes v. Franke, 210 Iowa 1169, 231 N. W. 1. Further discussion is not necessary. The court deemed the evidence sufficient to establish the defense pleaded. Giving this finding the weight of the verdict of a jury, it must be sustained.—Affirmed.

MITCHELL, C. J., and CLAUSSEN, ANDERSON, and KINTZINGER, JJ., concur.