EMMA J. JONES, Appellant, v. J. F. WILSON et al., Appellees.

No. 42548.

DECEMBER 26, 1934.

Cook & Cook, for appellant.

Genung & Genung, for appellees.

ANDERSON, J.—This is an action at law upon a $2,500 promissory note which was made payable to one Roy Haney and the plaintiff, Emma J. Jones, and was signed by J. F. Wilson and Minnie Florence Wilson. The note in question was secured by a mortgage upon real estate. This action was upon the note alone. No defense was made by the defendant J. F. Wilson, but his co-defendant Minnie Florence Wilson, the appellee herein, made separate answer alleging that the note was made without consideration as to her, and that she simply signed the said note and the mortgage securing the same for the sole and only purpose of releasing her inchoate right of dower in the real estate described in the mortgage. A jury was waived, and the issues involved were tried to the court, resulting in a finding and judgment sustaining the defense of Minnie Florence Wilson, the appellee, and dismissing the action as to her. The plaintiff, Emma J. Jones, appeals.

The record discloses the following facts: J. F. Wilson and Minnie Florence Wilson are, and were at all the times in which the transactions here involved took place, husband and wife. In 1920, the defendant J. F. Wilson purchased 140 acres of real estate from a partnership composed of Roy Haney and George W. Jones. At the time of this original purchase a contract was entered into between said J. F. Wilson and said partnership. The wife, Minnie Florence Wilson, was not a party thereto and did not sign the same. The contract provided that the defendant J. F. Wilson should pay a consideration amounting to $16,000 for the land involved; that he paid $5,500 in cash, assumed a first mortgage for $6,800, and executed and delivered to the sellers a second mortgage for $3,700.

This second mortgage was signed by the appellee Minnie Florence Wilson, but she testifies that she made inquiry of Mr. Haney, one of the partners, as to what she was signing and was advised by him that she was merely releasing her dower interest in the land. In 1925, the first mortgage having been reduced by payments to $4,500, a new mortgage was secured for that amount, and in order to complete this transaction, the second mortgage payable to Haney & Jones was released and a new second mortgage made in its stead of $4,000. This second mortgage was signed by the appellee Minnie Florence Wilson, and she testifies that at the time of so signing she was told by Mr. Haney that it was merely for the purpose of releasing her dower interest. In March, 1930, the defendant J. F. Wilson paid the sum of $1,500 on the second mortgage, and a new note and new mortgage were executed in the sum of $2,500; this latter being the note now in suit. The appellee testifies that at the time of the execution of this new mortgage and note she again asked Mr. Haney if she were signing for any other purpose than to release her dower, and he answered, "No." Prior to the execution of this last note and mortgage, George W. Jones, one of the members of the partnership mortgagee, departed this life, and his widow, Emma J. Jones, the appellant herein, succeeded to the ownership of her husband's interest in the obligations here involved, and the new note and mortgage were taken in the names of Roy Haney and Emma J. Jones. Mr. Haney had exclusive charge, however, of the transaction of taking the new note and mortgage, and in doing so acted as the agent of Emma J. Jones. Later he transferred his interest in the $2,500 note to Emma J. Jones, the appellant herein. He testifies that he talked with Mr. J. F. Wilson about the execution of the new note and mortgage, and that he retained the note and mortgage in his possession up to the time of the trial. The record shows without dispute that Minnie Florence Wilson, the appellee, received no consideration whatever for the signing of the $2,500 note, and she testified that she signed the same together with the mortgage securing it for the sole and only purpose of releasing her dower in the real estate described in the mortgage. Mrs. Wilson's testimony in reference to her conversation with Haney at the time of signing the note and mortgage in question is contradicted by Mr. Haney. However, the facts and history of the transaction fairly presented a question of fact to be determined by the trial court. Such question, as we have indicated, was determined ad-

versely to the contention of the appellant by the court, and under our repeated holdings the findings of fact by the court in a law action has the same force and effect as a verdict of the jury. The trial court found that the appellee Minnie Florence Wilson received no consideration for the signing of the note and mortgage, and signed only to release her contingent right of dower, and such finding, if based upon competent evidence, precludes a consideration and determination of such questions by this court.

The questions raised by the appellant have been repeatedly before this court, and we have consistently held that where the original parties to the instruments are involved it is permissible to show by parol evidence that such instruments were executed by one of the parties without consideration, and, as in this case, for the purpose of releasing dower interests only. In the case of Cooley v. Will, 212 Iowa 701, 237 N. W. 315, we had a case involving facts almost parallel with those in the instant case. In that case the original transaction was with the husband only. Several mortgages including notes and interest coupons were signed both by the husband and the wife, and the action sought to hold the wife liable upon the obligations. In that case the wife did not participate in any way in the transaction except by signing the notes and mortgages. There was more conflict in the testimony in reference to the signing of the notes and mortgages by the wife than we find in the case at bar. In that case the holder of the notes and mortgages testified directly that she at all times insisted that the wife of the principal maker sign the papers. However, in the original contract, as in the case at bar, nothing was said and no requirement made that the wife should sign the purchase-money notes and mortgages. In that case, as in the present one, the husband alone had requested his wife to join in the execution of the papers. No consideration passed to the wife. This court held that the wife could not be held liable for the payment of the notes and mortgages. Many of our cases are reviewed in the opinion in the Cooley-Will case. In the case of Hinman v. Treinen, 196 Iowa 701, 195 N. W. 345, the case was decided upon a question of pleading only. In Le Fleur v. Caldwell, 196 Iowa 727, 195 N. W. 234, a defense of want of consideration was sustained upon the basis that the transaction was wholly with the husband, and that the wife received no independent consideration for her signature. Insell v. McDaniels, 201 Iowa 533, 207 N. W. 533, and Gorman v. Sampica,

202 Iowa 802, 211 N. W. 429, involved transactions similar to the case under consideration, and our decision in each of these cases was based upon the holding of our prior cases. The same rule is fully recognized in American Com. & Sav. Bank v. Kramer, 206 Iowa 49, 219 N. W. 931; Millard v. Curtis, 208 Iowa 682, 223 N. W. 489; First National Bank v. Mether, 217 Iowa 695, 251 N. W. 505, 507; and Andrew v. Ingvoldstad, 218 Iowa 8, 254 N. W. 334.

The appellant especially relies upon the Kramer case, supra, and First National Bank v. Mether, supra. Neither of these cases is inconsistent with the rule announced in Cooley v. Will, and the other cases cited. In the Kramer case we cited the cases above referred to as announcing the rule, and concluded:

"None of the foregoing cases are in point. In none of those cases was the principal maker of 'the obligation under any promise or duty to procure the wife's signature. Her signature was attached by her to a contract already complete. It was not done pursuant to any previous promise or condition. The payee parted with nothing on the faith thereof, nor did the principal maker receive anything. Such is not the case before us."

In that case the principal maker sought an agreement for an extension of the time of payment of the obligation involved, and an agreement was entered into that the time should be extended on condition that both the husband and wife sign an agreement to pay the amounts due. Such an agreement was drawn up and signed by the husband and wife, and for this consideration an extension of time of payment was effected. In that case the personal liability of the wife was predicated upon this specific agreement. The extension of time of payment was granted on the specific and undisputed condition that the wife would sign the contract.

The same state of facts were shown in the Mether case, and an extension of the time of payment of the obligation was granted upon the express agreement that the principal maker would secure the signature of his wife to the obligations. In the Mether case, Mr. Justice Kindig, who wrote the opinion, after citing and referring to our prior cases upon the question involved, uses this language:

"In each of these cases thus cited by the appellee there was no consideration for the wife's signature on the note made by her husband. That is true because the original transaction was entirely with the husband, and the wife was not required, by previous

contracts or by the demands of the payee to sign the instrument. Her signature was merely voluntary, and she affixed it to the instrument through inadvertence."

In the Ingvoldstad case, the testimony showed that the wife knew the purpose of the execution of the papers, and that it was necessary for her to sign the note in order for her husband to obtain the loan, and nothing in that case is inconsistent in any way with the rule announced in the case of Cooley v. Will, and prior decisions of this court.

The facts in the case at bar bring it squarely within the rule announced in the Cooley-Will case, and prior decisions of this court. Mrs. Wilson was not a party to the transaction. She neither signed the original contract for the purchase of the land in question, nor did she in any way become a party thereto. There was no demand or agreement that she become obligated upon the promissory note in suit. The execution of the note and mortgage in suit was but a continuance of the matters involved in the original transaction. It was no new transaction. We are constrained to hold that the finding and judgment of the trial court is sustained by the record and by our former pronouncements. An affirmance necessarily follows. —Affirmed.

MITCHELL, C. J., and KINDIG, KINTZINGER, DONEGAN, ALBERT, STEVENS, and POWERS, JJ., concur.