NORTHERN TRUST COMPANY, Appellant, v. BELLE M. ANDERSON, Appellee.

No. 42992.

SEPTEMBER 24, 1935.

REHEARING GRANTED MARCH 20, 1936.

MEMORANDUM OPINION REINSTATING ORIGINAL OPINION, JANUARY 19, 1937.

Wisdom and Kirketeg, for appellant.

E. F. McEniry, E. C. Heaton, and J. M. Haddock, for appellee.

DONEGAN, J.—John Anderson, a resident of Taylor county, Iowa, was the owner in fee of 80 acres of land in Ringgold county. On the 14th day of November, 1925, in order to pay off a mortgage on some other land, he executed a note for $4,000, secured by mortgage on the 80 acres, payable to Taylor County State Bank, Clearfield, Iowa. This note was payable at the office of the Northern Trust Company, Chicago, Ill., and both the note and the mortgage were signed by Anderson's wife, Belle M. Anderson. It appears without dispute in the evidence that the Taylor County State Bank was acting merely as agent for Northern Trust Company, to which the note and mortgage were assigned very shortly after their execution. On the 6th day of August, 1929, John Anderson conveyed the 80 acres of land in Ringgold county, as well as all his other property, to his wife, Belle M. Anderson, and on the 8th day of August, 1929, he died. On December 18, 1933, the Northern Trust Company commenced an action in rem for the foreclosure of the mortgage on said 80 acres of land, in the district court of Ringgold county, by serving original notice thereof on Belle M. Anderson; such notice stating that no personal judgment was asked against her. On the same day the Northern Trust Company instituted the instant action for a personal judgment against Belle M. Anderson, on the note for $4,000, in the district court of Taylor county, Iowa. On the 5th day of February, 1934, a decree was entered by the district court of Ringgold county ordering the foreclosure of the mortgage and the sale of the mortgaged premises. The land was sold at sheriff's sale under special execution, leaving a deficiency of $1,807.66 unpaid. After the sale of the 80 acres in the foreclosure action in Ringgold county, the plaintiff amended its petition in the instant action and asked for personal judgment

against Belle M. Anderson in the sum of $1,807.66, with interest and costs. The defendant, Belle M. Anderson, answered in two divisions. In division 1 she admitted signing the note in suit but alleged that it was without consideration as to her and was signed for the sole purpose of releasing her contingent dower interest in the mortgaged land; and in division 2 she alleged that the plaintiff, by foreclosing its mortgage in the suit in Ringgold county and taking judgment in rem only against the mortgaged land and not against the defendant, who was a party to the suit, and of whom the court had jurisdiction, had elected to waive the personal liability of the defendant, and that the plaintiff was estopped to claim personal liability against the defendant in this action. The plaintiff demurred to both divisions of the answer, and, on hearing, the court overruled the demurrer as to the first division of the answer, and sustained the demurrer as to the second division of the answer. The plaintiff filed a reply to division 1 of defendant's answer stating that the defendant had received consideration for signing the note in question by the delivery to John Anderson, her husband and cosigner, of the sum of $4,000; and that she knew when signing said instrument that upon the delivery thereof to the plaintiff her husband would receive said $4,000; that the defendant by accepting the transfer of all her husband's property, by taking possession of all such property under such transfers and treating it as her own, by paying the installments of interest on said note for $4,000, and by asking for and accepting extension of the time for paying same, had waived her right to claim want of consideration; and that, because of said facts and the conduct of defendant, the plaintiff was led to believe that defendant admitted liability under said note and did not file its claim against the estate of her deceased husband, and defendant is estopped to claim want of consideration. Trial was had to the court, a jury being waived, and the district court found in favor of the defendant and entered judgment dismissing the plaintiff's petition. From this judgment the plaintiff appeals.

I. A considerable portion of the briefs and arguments of both appellant and appellee are devoted to the question as to whether there was any consideration for appellee's signature to the note, or whether it was signed for the sole purpose of releasing her dower interest in the mortgaged land.

Appellant contends that the note in question imports a

consideration, and that there is no competent evidence in the record tending to prove that it was without consideration as to the defendant, Belle M. Anderson. If this be true, then, of course, the trial court was in error in holding that Belle M. Anderson was not liable on the note here involved. On the other hand, if there was any evidence to sustain the trial court's finding that the note was without consideration as to Belle M. Anderson, the finding of the trial court has the effect of the verdict of a jury and cannot be disturbed by this court on appeal. Our first inquiry, therefore, is: Was there any competent evidence before the trial court upon which it could base its finding that the note was without consideration as to Belle M. Anderson?

There was evidence before the trial court tending to show that John Anderson was the owner in fee of the land mortgaged as security for the note; that appellee had no interest in the land except her contingent right of dower; that all the negotiations in regard to the loan were between John Anderson and the bank, as agent of the appellant; that appellee was not present and took no part in such negotiations; that appellee received no part of the $4,000 evidenced by the note and mortgage; that appellee signed the note at the request of her husband; that the note and mortgage were signed by the appellee at the same time that they were signed by her husband; that the appellee signed both the note and mortgage simply because her husband asked her to do so, and because she was in the habit of signing papers to help her husband to do any business; that both the note and mortgage were signed by appellee without reading them; and that when she signed the papers she did not know what they were or what they bound her to do, and did not question her husband or anybody else as to their import. Appellee was asked this question by her own attorney: "At the time you signed it did you intend or understand that you would be required to pay it?" Over objection of appellant the appellee was allowed to answer and stated: "I simply signed it because my husband asked me to." In response to a further question appellee testified that when she signed the note she did not have any other intention than to release her right as a wife in the farm.

There is further evidence to the effect that both note and mortgage were signed at the bank and in the presence of the cashier; that, after the note and mortgage were signed and delivered to the bank, he (the cashier) paid John Anderson, appel-

lee's husband, through the bank, the sum of $4,000 represented by the note; and that he would not have paid this $4,000 to John Anderson unless and until both note and mortgage had been signed by Anderson and his wife. The note and mortgage were both received in evidence. The note contained this statement: "On the NINTH Day of December A. D. 1930 for Value Received *We* promise to pay to the Order of Taylor County State Bank, Clearfield, Iowa, Four Thousand and no-100 Dollars," etc. (Italics supplied.) The mortgage was "between John Anderson and Belle M. Anderson, his wife, * * * and Taylor County State Bank, Clearfield, Iowa." Said mortgage contains this statement: "And said parties of the first part hereby expressly agree: (1) To pay the sum of Four Thousand and no-100 Dollars, on the Ninth day of December, 1930, with the interest thereon, payable semi-annually, at the rate of five and one-half (5½%) per cent per annum, according to the tenor and effect of ten promissory notes with coupons attached, signed by John Anderson and Belle M. Anderson, his wife, and payable to the order of Taylor County State Bank, Clearfield, Iowa, and bearing even date herewith."

It is contended by appellant that much of the evidence offered in behalf of appellee was incompetent and inadmissible because it was an attempt to contradict the express written promise of the appellee contained in the note sued upon, as well as in the mortgage securing same, by parol evidence. It is the contention of the appellee that parol evidence was admissible for the purpose of showing that the instrument was without consideration as to her, and in support of this contention she cites State Savings Bank v. Osborn, 188 Iowa 168, 175 N. W. 964; Cooley v. Will, 212 Iowa 701, 237 N. W. 315; Jones v. Wilson, 219 Iowa 324, 258 N. W. 82. Appellee further contends that the evidence in this case brings it within the rule that, where a wife has no interest in land mortgaged and inadvertently signs a note secured by a mortgage at the same time that she signs such mortgage, merely for the purpose of releasing dower, there is no consideration as to her for the debt evidenced by the note and that she is not liable. In support of this contention she cites Hinman v. Treinen, 196 Iowa 701, 195 N. W. 345; Le Fleur v. Caldwell, 196 Iowa 727, 195 N. W. 234; Insell v. McDaniels, 201 Iowa 533, 207 N. W. 533; Gorman v. Sampica, 202 Iowa 802, 211 N. W. 429, 430; Cooley v. Will, 212 Iowa 701, 237 N. W.

315; First Bank & Trust Co. of Ottumwa, Iowa v. Welch, 219 Iowa 318, 258 N. W. 96; Bates v. Green, 219 Iowa 136, 257 N. W. 198; Jones v. Wilson, 219 Iowa 324, 258 N. W. 82. Appellant, on the other hand, contends that the facts in this case do not bring it under the rule announced in these cases.

 We think it cannot be questioned that, as contended by appellee, parol evidence may be received for the purpose of showing that there was no consideration as to a wife who signed a note at the same time that she signed a mortgage covering land in which she had no interest, when such note was signed inadvertently and for the purpose of releasing dower only. In our opinion, however, the cases cited by appellee do not sustain her contention that the evidence upon which she relies in this case was competent. Appellant urges that the cases relied on by appellee differ from the case at bar, because in such cases there was a pre-existing valid contract between the payee of the note and the husband only, which pre-existing contract did not require or contemplate that the note should be signed by the wife. In the cases where there was such pre-existing contract, the wife was under no obligation to sign the note and the husband could have insisted upon the performance of the pre-existing contract without the wife's signature being attached to the note. Where, as in most of the cases cited by appellee, there was further evidence that the wife received no part of the consideration of the note, that she took no part in the negotiations, and that the note was given along with a mortgage pursuant to such pre-existing contract and in performance thereof, there was, of course, sufficient evidence to show that there was no consideration as to her signature on the note, because the payee was under obligation to take the note without her signature. In at least two of the cases cited by appellee, Bates v. Green, supra, and Gorman v. Sampica, supra, there was no such pre-existing contract. In the Bates case, the wife signed the note and the mortgage securing it at the request of her husband, who desired an extension of the time of payment of an unsecured debt which he alone owed the bank. There was evidence in that case to the effect that the wife signed merely for the purpose of releasing dower, and that at the time the note was signed a representative of the bank stated that he desired the wife's signature so that he could make a proper showing to the department, and that he had no intention of enforcing liability against her. This court held that, although the

evidence was meager, it was sufficient to support the court's finding that the note was without consideration as to the wife. In the Gorman case, both husband and wife signed a note which was secured by a mortgage on land owned by the husband. The note and mortgage were given in connection with a debt which was owed by the husband prior to marriage. The wife was the owner of real property in her own name on which she refused to execute a mortgage and nothing was said by either party at the time the note was signed in regard to her becoming surety for her husband. The wife testified, apparently without objections so far as the opinion shows, that she had no intention of binding herself personally for the payment of the note and that she did not understand that she was making herself liable for the payment of the note. It was conceded that the wife received no consideration for the note, and this court, in sustaining the trial court's holding that the note was without consideration as to the wife, said: "The fact that the indebtedness was contracted prior to the marriage of appellee and S. A. Sampica, and her refusal to pledge her own property as security therefor, are strong circumstances tending to support her defense." In the case at bar there was not only no pre-existing contract, but there was no pre-existing debt and there were no circumstances attending the execution of the note, such as existed in the Bates and Gorman cases, which could be said to amount to evidence tending to prove that the note was without consideration as to the wife.

While parol evidence was admissible in the instant case, for the purpose of showing that there was no consideration, such parol evidence must be competent. It is undisputed that John Anderson, the husband, was the owner in fee of the land, that the appellee had no interest in the land except her right of dower, and that the appellee received no part of the $4,000 paid to her husband as evidenced by the note. While these circumstances might tend to show that there was no consideration moving to the appellee because of her signature to the note, they in no way tend to prove that the money which was paid by the bank to her husband was not parted with in reliance upon her signature. It is true, there is no evidence in the record to show that the bank, as agent of the appellant, ever received any instructions from the appellant that both husband and wife must sign the note as well as the mortgage, and there is no evidence

that either appellant or its agent, the bank, ever expressly stated to Anderson that the note as well as the mortgage must be signed by appellee. The evidence does show, however, that both note and mortgage were signed by John Anderson and appellee at the same time, in the presence of the cashier of the bank, and that the money was not paid until the note and mortgage were delivered to the bank.

What competent evidence was there before the court tending to show that the money would have been paid on this note without the wife's signature? There was no pre-existing contract which required the bank to part with the money without her signature on the note. There was no pre-existing debt of the husband alone to the bank, and no evidence of any facts or circumstances attending the execution of the note indicating that it was not her intention to be bound on the note, as in the Bates and Sampica cases. Much stress seems to be placed upon the claim that the appellee did not intend to become liable on the note and that the note was signed along with the mortgage merely for the purpose of releasing her dower. The note itself, however, imported consideration, and the burden was upon appellee to show absence of consideration. Manchester v. Loomis, 191 Iowa 554, loc. cit. 561, 181 N. W. 415; Commercial National Bank v. May, 187 Iowa 888, loc. cit. 894, 174 N. W. 646; Krcmar v. Krcmar, 202 Iowa 1166, loc. cit. 1170, 211 N. W. 699. There was no ambiguity in the language of the note for the purpose of clearing up which parol evidence of intention could be received. Parol evidence was not admissible to show that the appellee in signing the note had some secret intention which was not communicated to the bank, and, even if she had such secret intention, it would not tend to prove that the bank did not part with the money in reliance on her signature on the note. 22 C. J. 1182, par. 1587, and cases there cited. Moreover, the appellee, although asked this direct question, "At the time you signed it did you intend or understand that you would be required to pay it?" gave this answer, "I simply signed it because my husband asked me to." She further testified that she was in the habit of signing papers to help her husband to do any business; that he asked her to sign the note and mortgage in question and she signed them without even reading them; that nobody read them to her; and that she did not know what they were or what they bound her to do.

598

We are unable to see how any or all of the facts and circumstances in evidence in this case can be said to amount to evidence that appellant or the bank, as its agent, would have parted with the money evidenced by the note, or would have been under any obligation to do so, if the wife's signature had not been attached thereto. In our opinion, the facts and circumstances of this case, instead of bringing it within the rule announced in the cases cited by appellee, bring it squarely within the rule announced in Starry v. Starry & Lynch, 212 Iowa 274, loc. cit. 280, 234 N. W. 281, 284, wherein we said:

"In the case at hand there was no *prior* contract; no prior indebtedness or obligation. The only contract in existence was that of which the note in suit formed a part. It had no antecedent executory contract. It was preceded by nothing but its own negotiations, all of which were merged in the final consummation, as evidenced by the instruments executed and delivered. * * * Concededly, the parties contemplated the consummation of their contract by written instruments. All such instruments were executed and delivered. One of such instruments was the note in suit. In the absence of fraud or mistake, such written instruments became the conclusive evidence of the contract. There is no claim of fraud or mistake. The note in suit was executed and delivered in purported consummation of the contract. It was accepted as such. It had a lawful consideration. Under the general rule, such consideration operated upon all the contemporaneous signers thereof. The case is not within the exception to such general rule. If we were to hold that the exception contended for applied to a case of indebtedness presently created, as well as to a case of previous indebtedness, and of previous executory contract, we should be enlarging the exception to the ousting of the general rule. Its effect would be to say that any surety or comaker of a note, without tendering any issue of fraud or mistake, could contradict the plain terms of the instrument upon which his signature appeared."

In our opinion, there was no competent evidence before the trial court upon which it could base its finding that the note was without consideration as to the appellee, and it is not necessary to discuss any other grounds relied upon by appellant for reversal.

■■■ II. Appellee contends, however, that, even if there

was consideration for her signature to the note, the judgment cannot be reversed, because the trial court erred in sustaining plaintiff's demurrer to the defense set up in the second division of her answer. The second division of the answer alleged that the plaintiff had prosecuted an action against defendant for the foreclosure of the mortgage which secured the note, in the district court of Ringgold county, Iowa; that a decree and judgment in rem against the premises and fixing the amount of indebtedness which was a lien on said premises had been entered in such action; that by the commencement and prosecution of said foreclosure suit to judgment "the plaintiff elected its remedy, and elected to waive the personal liability, if any, of this defendant on said promissory note and mortgage, and having so elected its remedy, that is, the said foreclosure of said mortgage, that constituted a complete abandonment of any claim of personal liability on said defendant on said promissory note. That the plaintiff is now estopped to claim personal liability on said note." The demurrer alleged that: "The facts so stated do not constitute and cannot constitute a waiver of Plaintiff's right to proceed at law in this county against the defendant asking judgment on the note and the facts so pleaded do not as matter of law estop the Plaintiff from proceeding against the defendant, one of the makers of said note in the District Court of Taylor County, Iowa, in the absence of any allegations or pleas that the lands have been sold under said decree in equity and have been bought in for a sum sufficient to satisfy the amount due under said lien and said note."

The appellee's argument is that, under the doctrine of Schnuettgen v. Mathewson, 207 Iowa 294, 222 N. W. 893; J. J. Smith Lumber Co. v. Sisters of Charity, 146 Iowa 454, 125 N. W. 214; Kenyon v. Wilson, 78 Iowa 408, 43 N. W. 227; Merrifield v. Clark, 199 Iowa 171, 201 N. W. 563; Jones v. Knutson, 212 Iowa 268, 234 N. W. 548, the appellant could not maintain the instant action against the appellee because such action is barred by the adjudication entered in the foreclosure action in Ringgold county; that, under the doctrine of said cases, the trial court erred in sustaining appellant's demurrer to the said second division of appellee's answer; and that, under the rule adopted by this court in Ford v. Dilley, 174 Iowa 243, 156 N. W. 513; Voorhees v. Arnold, 108 Iowa 77, 78 N. W. 795; First Nat'l Bank v. Wright, 84 Iowa 728, 48 N. W. 91, 50 N. W. 23; State of Iowa v.

Consolidated Independent School District, 188 Iowa 959, 176 N. W. 976; Taylor v. Independent School District, 181 Iowa 544, 164 N. W. 878, the appellee, upon appellant's appeal, may, without any appeal on her part, have the error thus made against her considered in this court and have the judgment which she obtained affirmed.

This is a law action. The error which appellee claimed was made against her was in the trial court's ruling in which it sustained appellant's demurrer to the second division of the answer. In order to determine the effect of such ruling, it is necessary to direct our attention to the status of the pleadings. The petition in this case was filed January 18, 1934, and asked for judgment against the appellee upon the note in the sum of $4,110 and interest. The answer was filed August 20, 1934. Division 1 of the answer admitted the signing of the note, but alleged want of consideration as to the appellee. Division 2 of the answer contained the defense which we have set out above. The petition contained no reference to the mortgage securing the note or to the foreclosure action in Ringgold county. Division 2 of the answer attempted to plead an affirmative defense. This attempted defense did not allege that a personal judgment had been entered against appellee in the foreclosure suit, or that she had been served personally with the original notice of said suit, so that a personal judgment could have been entered against her therein. Under the holding in Schnuettgen v. Mathewson and other cases cited by appellee, the judgment and decree in the foreclosure action would not be a bar to the prosecution of the instant action unless a personal judgment had been entered or could have been entered in that action. In order that a personal judgment could have been entered in that action, it was necessary that personal service of the original notice should have been made upon the appellee in that action. The second division of the answer, therefore, did not contain sufficient allegation to constitute an affirmative defense to the petition. The demurrrer, it is true, was based upon the allegation that the facts stated in this division of the answer were insufficient to constitute a defense, because the answer failed to allege that the lands sold under the decree of foreclosure had been bought in for a sum sufficient to satisfy the amount due on the note. Assuming that, under the doctrine of the cases cited by appellee, the foreclosure of the mortgage in Ringgold county by personal service of the

original notice upon the appellee would have barred the appellant from prosecuting the instant action, regardless of the amount for which the mortgaged property had been sold, and granting that the trial court erred in sustaining the demurrer on the grounds stated therein, such error could not have supplied the insufficiency of the allegations of the affirmative defense which appellee attempted to plead in her answer. Even if, by its ruling upon the demurrer, the trial court deprived the appellee of the benefit of the allegations contained in the second division of her answer, these allegations were still insufficient to constitute a defense to the petition and were, therefore, insufficient to raise the issue upon which appellee is here seeking to have the judgment against the appellant sustained.

An examination of the allegations of the answer shows that the most that it claimed was that a decree and judgment in rem in the foreclosure action fixing the amount of the indebtedness which was a lien against the mortgaged premises had been entered; that by the commencement and prosecution of said action to judgment plaintiff elected its remedy and elected to waive the personal liability of the appellee on the note; that the election to foreclose the mortgage constituted a complete abandonment of any claim of personal liability of appellee upon the note; and that plaintiff was estopped to claim such personal liability. The answer was not sufficient to raise the defense of waiver by election of remedies, because there is no allegation of the existence of inconsistent remedies and the election to adopt one of such remedies under circumstances that would amount to a waiver of the right to prosecute the other. No facts are alleged showing that the appellant abandoned its claim of personal liability against the appellee on the note. There is no allegation sufficient to support an estoppel, as this plea is ordinarily understood, because there is no allegation of any change of position upon the part of appellee, which was brought about by anything said or done by the appellant by which appellant would be estopped. As a matter of fact, the appellee's argument to this court is not based upon the election of remedies, or waiver of personal liability, or abandonment of the claim of personal liability, or ordinary estoppel. The argument here is that the adjudication in the foreclosure action in Ringgold county is a complete bar to the appellant's right to prosecute the instant action. It is not claimed that the appellee's personal liability upon the note was

in issue or was adjudicated in the foreclosure action in Ringgold county, but it is claimed that the adjudication in that action is a bar to the prosecution of the instant action, because the appellee's personal liability upon the note could have been litigated in the foreclosure action. The second division of the answer, however, contained no statement of facts sufficient to raise the issue of the bar of appellant's right to prosecute this action, because sufficient facts were not stated to show that the issue of the personal liability of the appellee could have been tried and adjudicated in the foreclosure action.

It is our opinion, therefore, that, sufficient facts not having been pleaded in the answer to raise an issue as to the bar against appellant's right to prosecute the instant action, the appellee would not have been entitled to a judgment dismissing the appellant's petition if the demurrer to the second division of the answer had been overruled, and that, therefore, any error of the court in sustaining the demurrer was without prejudice to the appellee and cannot be made the basis to sustain a dismissal of the petition by this court.

Much is said in argument about the statements contained in an amendment to petition and supplemental petition and in a reply filed by appellant, and also in regard to matters that are undisputed in the evidence, and it is claimed that the undisputed facts alleged in these pleadings and shown by the evidence are sufficient to establish that appellee was personally served with the original notice of the foreclosure action in Ringgold county and appeared therein, and that the decree and judgment in that case, therefore, barred the appellant from the prosecution of the instant action. The error, however, of which appellee claims she has a right to take advantage in this court, consisted in the court's ruling sustaining the demurrer to the second division of the answer. The answer was directed to the petition, and the demurrer was directed to the answer. There is nothing to show, and there is insufficient in the record to sustain any inference, that the answer was made applicable to the amendment to the petition and supplemental petition. There is nothing in the record to show, or from which we can infer, that at the time the trial court ruled upon the demurrer there were any pleadings on file other than the petition, answer, and demurrer, or that any evidence had then been introduced. If the subsequent pleadings of the appellant or the evidence contained matters which would

have sustained the defense of the bar of the judgment and decree in the foreclosure action, if it had been properly pleaded, no such pleading was before the court, because the appellee filed no pleading whatever subsequent to the answer to which the demurrer was directed.

For the reasons stated in the opinion, the judgment of the trial court is hereby reversed.—Reversed.

KINTZINGER, C. J., and all Justices concur.

### MEMORANDUM OPINION ON REHEARING.

PER CURIAM.—The original opinion reversing this case was filed September 24, 1935, and is reported in 262 N. W. on page 529. It was prepared by Justice Donegan and concurred in by all members of the court. Later a petition for a rehearing was filed and a rehearing granted and the matter was again resubmitted to the full bench at the December, 1936, period.

The court has again carefully considered the record, the original arguments and the additional arguments on rehearing, and we are constrained to hold that the former opinion of this court as reported in the foregoing opinion [262 N. W. 529], correctly disposes of the matters presented on the appeal.

It is therefore ordered that the original opinion reversing the case, referred to above, be refiled and reinstated as the final judgment and opinion of this court.—Reversed.